KREILICK, Appellee and Cross–Appellant,

v.

KREILICK, Appellant and Cross–Appellee.

[Cite as *Kreilick v. Kreilick,* 161 Ohio App.3d 682, 2005-Ohio-3041.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–04–006.

Decided June 17, 2005.

Drew A. Hanna, for appellee and cross-appellant.

Jude T. Aubry, for appellant and cross-appellee.

---

Pietrykowski, Judge.

{¶ 1} Appellant and cross-appellee, Steven W. Kreilick, appeals the April 1, 2004 judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, which granted him and appellee and cross-appellant, Patricia M. Kreilick, a divorce, divided the parties' marital assets and liabilities, and awarded appellee child and spousal support. For the following reasons, we reverse the trial court's judgment in part and affirm it in part.

{¶ 2} The relevant facts are as follows. The parties were married in 1983. Two children, both minors during the proceedings, were adopted during the marriage. On December 7, 2001, appellee filed a complaint for divorce; appellant answered the complaint on December 21, 2001, and filed a counterclaim for divorce on March 4, 2003. The trial was conducted on March 12, May 28, and August 26, 2003, and the following evidence was presented.

{¶ 3} In 1983, prior to the marriage, appellant purchased an 80–acre property with a house and outbuildings for $115,000. Appellant paid for the property in full; there was no mortgage or loan. During their 17–year marriage, several

improvements were made to the home and outbuildings. A utility room and half-bath were added; a bathroom was remodeled; 13 windows and two doors were replaced; drywall was removed and replaced in several rooms; insulation was added; the walls were painted and wallpapered; carpeting was replaced; the front porch was replaced; foundation work was done on the house and outbuildings; two grain bins were added; cement floors were added to the barn, farrowing house, and nursery; and a livestock watering system was installed in the barn and farrowing house as well as an underground holding tank for manure.

{¶ 4} Appellant is a self-employed farmer who farms approximately 900 acres. Appellant rents the additional land from nearby landowners. Testimony was presented demonstrating that based on market and weather conditions, appellant's income in the past several years had fluctuated from approximately $40,000 to a $9,000 loss. Appellant's monthly living expenses are listed as $915.

{¶ 5} In 2000, appellee began full-time employment at Elmwood Assisted Living as a care manager, providing personal care for residents. In January 2002, appellee began working in Elmwood's kitchen approximately 32 hours per week at $7.22 per hour. In June 2002, appellee tore her right meniscus and received workers' compensation. Appellee lost her job at Elmwood because she was off for an extended period of time. Ultimately, appellee became employed at a Kroger store deli making $6.30 per hour or approximately $200 per week, $10,000 annually. Appellant also testified that she has a medical condition, systemic lupus erythematosus, which prevents her from obtaining certain types of employment. Appellee provided documentation that her weekly expenses are $710.35 and that she owes approximately $20,000 to family and friends who loaned her money to pay for living expenses and attorney fees.

{¶ 6} On March 3, 2004, the trial court's decision was journalized; the trial court's judgment entry of divorce, incorporating its decision, was journalized on April 1, 2004. In its rulings, the court made the following relevant findings: the value of the marital home was $198,805 and the $143,805 increase in the value was marital property and subject to division; appellee invested $6,000 of her premarital funds in remodeling the house and she was entitled to reimbursement; the $24,737 net value of the farm equipment was marital property and subject to division; $6,184 of the value of the livestock was deemed marital property with appellee entitled to one-half; for purposes of child and spousal support, appellant's annual income was set at $30,000 and appellee's income was set at $10,920; appellee was designated the residential parent of the children; appellant was ordered to pay $524.37 per month in child support and $100 per week in spousal support for a period of four years. This appeal followed.

{¶ 7} Appellant raises the following assignments of error:

{¶ 8} "I. The trial court erred in finding that the increase in the value of the husband's separate property was the result of active appreciation and, therefore, constituted marital property subject to property division.

{¶ 9} "II. The trial court erred in finding that the wife contributed $6,000 of her premarital funds to the purchase of the husband's separate property."

{¶ 10} Appellee raises the following assignments of error on cross-appeal:

{¶ 11} "I. The trial court abused its discretion in its award of spousal support pursuant to R.C. 3105.18(C)(1), when the statutorily-mandated considerations, including income, relative earning ability, physical condition, retirement benefits, duration of the marriage, and assets and liabilities compel the conclusion that a higher amount of support ought to be awarded.

{¶ 12} "II. The trial court abused its discretion in failing to award attorney's fees, pursuant to R.C. 3105.18(H), to a wife who has much lower earnings, proportionally greater debt, and significantly less earning ability than the man she is divorcing."

{¶ 13} Appellant's first assignment of error concerns the trial court's classification of the increase in the value of appellant's premarital property as marital property, subject to division. Appellant contends that at trial he demonstrated that any appreciation in the residence was passive and, thus, remained his separate property.

{¶ 14} We note that an appellate court reviews the trial court's factual determination of whether property is marital or separate property based on a manifest weight of the evidence standard. *Carpenter v. Carpenter* (Feb. 8, 2002), 6th Dist. No. WD–01–028, 2002 WL 199167, at ¶ 11, citing *Kelly v. Kelly* (1996), 111 Ohio App.3d 641, 642, 676 N.E.2d 1210. Accordingly, the judgment of the trial court will not be disturbed on appeal if supported by some competent, credible evidence. *Fletcher v. Fletcher* (1994), 68 Ohio St.3d 464, 468, 628 N.E.2d 1343. Further, the party seeking to have certain property deemed separate has the burden of proof by a preponderance of the evidence. *Okos v. Okos* (2000), 137 Ohio App.3d 563, 570, 739 N.E.2d 368.

{¶ 15} The allocation of appreciation on a residence in a divorce depends on whether the appreciation is classified as active or passive. See R.C. 3105.171(A)(3)(a)(iii); R.C. 3105.171(A)(6)(a)(iii). Specifically, R.C. 3105.171(A)(3)(a)(iii) provides that marital property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses during the marriage"; such appreciation is active. If the evidence demonstrates that the appreciation of the separate property is not due to either party's labor, money, or in-kind contributions, then

the increase in the value is deemed passive and the property remains separate. *Middendorf v. Middendorf* (1998), 82 Ohio St.3d 397, 401, 696 N.E.2d 575; R.C. 3105.171(A)(6)(a)(iii).

{¶ 16} At trial, the parties did not dispute the nature of the repairs; rather, they disagreed as to whether the repairs had an effect on the increase in the value of the house. Appellee presented the testimony of Lisa Hoover, a real estate appraiser who inspected the property on April 13, 2001. Hoover was unable to testify as to the reason for the appreciation of the property, and the court ultimately granted appellant's request to strike her opinion.

{¶ 17} Appellant's expert, real estate appraiser R. James Stoldt, was called by appellee's counsel and testified on direct examination that the property was worth $185,000. Stoldt testified that in his opinion the repairs added minimal value to the property because they were necessary to maintain the house. The court then questioned Stoldt about the effect that certain noncosmetic improvements would have on the value of the house. Stoldt admitted that an improvement such as a new roof or new windows would, at least to some extent, increase the value of the property. On further cross-examination, Stoldt maintained his opinion that the new windows in the house and the small addition did not add value.

{¶ 18} As set forth above, the party seeking to have certain property deemed separate has the burden of proof by a preponderance of the evidence. *Okos v. Okos,* 137 Ohio App.3d at 570, 739 N.E.2d 368. Expert testimony is admissible if it will assist the trier of fact in understanding the evidence or determining a fact in issue. *Tolliver v. Tolliver* (Jan. 22, 1991), 12th Dist. No. CA90–07–015, 1991 WL 6364, citing Evid.R. 702. However, "[t]he finder of fact is the sole weigher of credibility of witnesses and testimony and can accept all, part or none of the testimony offered by a witness, whether the testimony is expert or not." *Breslau v. Breslau* (June 14, 1990), 8th Dist. No. 56996, 1990 WL 82305. See, also, *Tolliver,* supra.

{¶ 19} In the present case, the trial court, after reviewing the expert's testimony and questioning the expert, rejected the expert's finding that all of the appreciation of the property was passive and, thus, separate. Accordingly, the court found that appellant failed to meet his burden by a preponderance of the evidence. Upon review, we cannot say that the trial court abused its discretion in so finding. Appellant's first assignment of error is not well taken.

{¶ 20} Appellant's second assignment of error disputes the trial court's finding that appellee contributed $6,000 of premarital funds to the remodeling of the house. As set forth above, the burden of proof, by a preponderance of the evidence, rests on the party seeking to have a particular asset classified as separate property. "Ohio courts have found that, in order to meet this burden,

the party seeking to establish an asset as separate property must present at least some documentary evidence tracing the asset back to its nonmarital status." *Ruetz v. Ruetz,* 6th Dist. Nos. L–02–1153 and L–02–1037, 2003-Ohio-4091, 2003 WL 21781604, at ¶ 39.

{¶ 21} At the trial in this case, appellee testified that she used $6,000 of her pre-marital funds to remodel the house. Appellee presented no documentary evidence or additional testimony detailing the use of the funds. Appellee contends that the 17–year duration of the marriage should negate the require-ment of documentary evidence. Neither the Ohio legislature nor the case law of the majority of Ohio courts, including this district, supports this proposition. Accordingly, we find that the trial court abused its discretion when it awarded appellee $6,000 of her premarital funds. Appellant's second assignment of error is well taken.

{¶ 22} We will now address appellee's cross-appeal. In her first cross-assignment of error, appellee contends that the trial court abused its discretion by awarding her $100 per week in spousal support for a period of four years.

{¶ 23} Appellate review of a court's decision to grant or deny requested spousal support is limited to a determination of whether the court abused its discretion. *Bowen v. Bowen* (1999), 132 Ohio App.3d 616, 626, 725 N.E.2d 1165. Absent an abuse of that discretion, a reviewing court may not substitute its judgment for that of the trial court. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude in reaching its judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 24} A trial court's broad discretion in awarding spousal support is controlled by the R.C. 3105.18(C)(1) factors. *Carmony v. Carmony,* 6th Dist. No. L–02–1354, 2004-Ohio-1035, 2004 WL 414922, at ¶ 10. The trial court is not required to comment on each factor. Instead, the record need show only that the court considered each factor in making its spousal support award. *Tallman v. Tallman,* 6th Dist. No. F–03–008, 2004-Ohio-895, 2004 WL 368146; *Stockman v. Stockman* (Dec. 15, 2000), 6th Dist. No. L–00–1053, 2000 WL 1838937.

{¶ 25} R.C. 3105.18 provides:

{¶ 26} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

{¶ 27} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

{¶ 28} "(b) The relative earning abilities of the parties;

{¶ 29} "(c) The ages and the physical, mental, and emotional conditions of the parties;

{¶ 30} "(d) The retirement benefits of the parties;

{¶ 31} "(e) The duration of the marriage;

{¶ 32} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

{¶ 33} "(g) The standard of living of the parties established during the marriage;

{¶ 34} "(h) The relative extent of education of the parties;

{¶ 35} "(i) The relative assets and liabilities of the parties, including but not limited to any court ordered payments by the parties;

{¶ 36} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

{¶ 37} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

{¶ 38} "(l) The tax consequences, for each party, of an award of spousal support;

{¶ 39} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

{¶ 40} "(n) Any other factor that the court expressly finds to be relevant and equitable."

{¶ 41} In this case, in making appellee's spousal support award the trial court stated that it considered R.C. 3105.18(C)(1) factors and set appellant's average annual income at $30,000 and appellee's income at $10,920. Appellant, a self-employed farmer, had wide fluctuations in his income from earnings of approximately $40,000 to a $9,000 loss. Appellee had been working at Kroger making approximately $200 per week. Appellant's expenses were about $900 per month, while appellee testified that her monthly expenses exceeded $2,000 per month. No retirement benefits were noted. The record reveals that the parties had been married for approximately 20 years and, during the trial, appellant was 47 and appellee was 41 years old. Appellee was awarded custody of the parties' two

minor children. Testimony had been presented regarding appellee's health concerns, including a torn meniscus and lupus. We further note that in its judgment entry, the trial court awarded appellee half of all the appreciation in the property, half the net value of the farm equipment, and half the value of the livestock, for a total of $87,363.[1]

{¶ 42} Based on the foregoing, we cannot say that the trial court abused its discretion when it made the spousal support award. Accordingly, appellee's first cross-assignment of error is not well taken.

{¶ 43} In her second cross-assignment of error, appellee contends that the trial court erroneously failed to award her attorney fees under R.C. 3105.18(H). R.C. 3105.18(H) provides that a trial court may award reasonable attorney fees to either party during any stage of a divorce proceeding. In order to make such an award, the court must determine whether the payor has the ability to pay the attorney fees it awards and whether either party would be prevented from fully litigating his or her rights and adequately protecting his or her interests if attorney fees were not awarded. The trial court's decision regarding attorney fees must be equitable and fair and serve the ends of justice. *Bowen v. Bowen,* 132 Ohio App.3d 616, 642, 725 N.E.2d 1165. An appellate court will disturb a trial court's decision as to attorney fees only if the trial court abused its discretion. Id.

{¶ 44} Because attorney fees are awarded as spousal support, the trial court is required to consider the factors under R.C. 3105.18(C)(1) in determining whether to make such an award. *Williams v. Williams* (1996), 116 Ohio App.3d 320, 328, 688 N.E.2d 30. For the reasons discussed in appellee's first cross-assignment of error, we conclude that the trial court did not abuse its discretion in denying appellee's request for attorney fees. Accordingly, appellee's second cross-assignment of error is not well taken.

{¶ 45} On consideration whereof, we find that substantial justice was not done the appellant, and the judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings consistent with this decision. Pursuant to App.R. 24, costs of this appeal are assessed to appellee.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SKOW and PARISH, JJ., concur.

---

1. The amount is less the $6,000 of premarital funds which we concluded that the trial court erroneously awarded to appellee.