OPINION
{¶ 1} Plaintiff-Appellant, Michael Scott Blake, appeals from a judgment of the Mercer County Common Pleas Court, granting his petition for a divorce from Defendant-Appellee, Elaine Ann Elking Blake. Michael asserts that the trial court erred in valuing and distributing the parties' property. He also maintains that the trial court's award of spousal support was unreasonable, arbitrary, and unconscionable. After reviewing the record, we find that the magistrate committed errors in calculating the value of some the parties' property and that the trial court erred in adopting such flawed valuations. However, not all of the magistrate's calculations were erroneous. Furthermore, the award of spousal support by the trial court was not unreasonable, arbitrary, or capricious. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
 {¶ 2} Michael and Elaine were married on January 23, 1993. No children were born as issue of this marriage. Prior to the marriage, Elaine had been renting a home at 539 Lisle Street in Celina, Ohio from her father. In 1994, the parties decided to buy the home from Elaine's father. He gave them a reduced price on the property due to the rental payments Elaine had made on the property prior to the marriage. Additional equity was created in the home during the marriage through mortgage payments and various improvements to the home itself. In 1997, the parties decided to sell the home. The sale resulted in a total of $17,000 in equity, which was used as a down payment towards the current marital home.
 {¶ 3} The employment status of the parties also changed over the course of the marriage. At the beginning of the marriage, Elaine worked for Sarkes-Tarzian as a saleswoman, making between $40,000 to $50,000 a year. Around the same time, Michael, was starting his own welding business. Eventually, Michael's business began doing very well and was incorporated as Top Weldman. Due to the success of Michael's business, Elaine quit working at Sarkes-Tarzian to act as the full-time bookkeeper for Top Weldman.
 {¶ 4} In October of 2002, Michael filed a complaint for divorce. Consequently, Elaine went back to work at Sarkes-Tarzian; however, due to an illness, she was unable to work forty hours per week. She had also lost most of her previous clientele. Elaine estimated that she would only make around $18,000 in 2003.
 {¶ 5} The matter proceeded to a trial before a magistrate. In March of 2004, the magistrate issued a decision that found the parties to be incompatible and divided their property. The magistrate also awarded Elaine spousal support in the amount of $1500 a month for thirty-six months. Michael subsequently filed objections to this decision with the Mercer County Common Pleas Court. In December of 2004, the trial court filed an order affirming in part and modifying in part the magistrate's decision. Pursuant to this order, the trial court filed a judgment entry decree of divorce on March 21, 2005. Michael appeals from this judgment, presenting the following assignments of error for our review.
 Assignment of Error I The trial court erred in finding that the Defendant/Appelleehas a separate, non-marital interest in the equity of the maritalresidence.
 Assignment of Error II The trial court erred in finding that it was reasonable andappropriate to award Defendant/Appellee spousal support in theamount of $1,500 per month.
 Assignment of Error III The trial court erred in finding that the value of thecorporation, Top Weldman, Inc. was $75,013 where said finding isnot supported by the evidence and constitutes an abuse ofdiscretion.
 Assignment of Error IV The trial court erred in allowing the magistrate toindependently investigate and value the parties' 1976 Jaguarautomobile.
 Assignment of Error V The trial court erred in finding that Defendant/Appellee didnot commit financial misconduct where Defendant dissipatedmarital assets during the course of the divorce proceedingswithout providing a full accounting of the same.
 Assignment of Error I {¶ 6} In his first assignment of error, Michael contends that the trial court erred when it found that Elaine has a separate, non-marital interest in the marital home. He claims that the entire value of the home is marital.
 {¶ 7} In a divorce proceeding, a trial court must classify property as either marital or separate and then award each spouse his or her separate assets. R.C. 3105.171(B) and (D). Marital property includes "all real and personal property that currently is owned by either or both of the spouses * * * and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). Separate property includes any interest in real or personal property that is acquired prior to the marriage. R.C. 3105.171(A)(6)(a)(ii).
 {¶ 8} "In determining whether the trial court has appropriately categorized property as separate or marital, the standard of review is whether the classification is against the manifest weight of the evidence." Eggeman v. Eggeman, 3d Dist. No. 2-04-06, 2004-Ohio-6050, at ¶ 14, citing Henderson v.Henderson, 3d Dist. No. 10-01-17, 2002-Ohio-2720, ¶ 28. Accordingly, the trial court's judgment will not be reversed if the decision is supported by some competent, credible evidence.Eggeman at ¶ 14, citing DeWitt v. DeWitt, 3d Dist. No. 9-02-42, 2003-Ohio-851, ¶ 10.
 {¶ 9} At trial, Elaine testified that her father had given the couple a reduced purchase price on their first home because of the rental payments she had been making to live in the home prior to the marriage. She also testified that when the house was sold the parties received a total of $17,000 in equity, which was used as a down payment for the couple's second home.
 {¶ 10} Using this testimony, the trial court found that the portion of the equity in the first home that Elaine had contributed to prior to the marriage was her separate property. There is competent and credible evidence in the record to support this finding. Therefore, it is not against the manifest weight of the evidence, and the first assignment of error is overruled.
 Assignment of Error II {¶ 11} In his second assignment of error, Michael asserts that the trial court erred by affirming the magistrate's decision to grant Elaine spousal support. He argues that the trial court's decision to do so was an abuse of discretion.
 {¶ 12} A trial court's decision to grant or deny a request for spousal support is reviewed by an appellate court under the abuse of discretion standard. Kreilick v. Kreilick, 6th Dist. No. S-04-006, 2005-Ohio-3041, at ¶ 23, citing Bowen v. Bowen
(1999), 132 Ohio App.3d 616, 626. "An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable." Kreilick at ¶ 23, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} The trial court considered the relative earning potentials of both Michael and Elaine, the lifestyle that the parties had enjoyed during the marriage, the duration of the marriage, the contributions that Elaine made to Michael's business during the marriage and the fact that Elaine lost income production as a result of quitting her job to work for Michael's corporation.
 {¶ 14} The trial court also acknowledged that the magistrate had erred by finding that Michael received two checks of $1750 a month from the corporation for the rental use of his truck and certain other equipment. However, the trial court found that Michael had free access to all of the assets of the corporation and that this finding by the magistrate affected only the amount of income he realized for tax purposes, not the amount of income he actually had at his discretion.
 {¶ 15} While it is true that Elaine made more than Michael at one point in the marriage, her earning capacity has been greatly diminished by her health problems. She also lost earning capacity when she quit her job to work for Michael's corporation. Moreover, it is clear from the record that the couple enjoyed a very good standard of living during the marriage. It is also clear that Michael has a much higher earning potential than Elaine and that Elaine helped to contribute to the growth of Michael's company. As such, we can not say that the trial court's decision to award Elaine spousal support was unreasonable, arbitrary or unconscionable. The second assignment of error is overruled.
 Assignment of Error III {¶ 16} In his third assignment of error, Michael contends that the trial court erroneously valued his corporation, Top Weldman, at $75,013. He claims that the appraisal of the business equipment entered into evidence by Elaine was not credible. He also claims that the trial court failed to consider all of the debts of the corporation in determining its value.
 {¶ 17} Trial court's have broad discretion in determining how to equitably divide the marital property in a divorce proceeding.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. As stated above, an abuse of discretion will only be found where the decision of the trial court is unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219. This includes the discretion to consider the credibility of witnesses and the circumstances of each case when determining the value of the martial property. Osting v. Osting, 3d Dist. No. 1-03-88, 2004-Ohio-4159, at ¶ 18-21. The trier of fact is in the best position to view the witnesses and observe their gestures, demeanor, and voice inflections. Rodriguez v. Frietze, 4th Dist. No. 04CA14, 2004-Ohio-7121, at ¶ 27, citing Seasons CoalCo. V. Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, the issue of witness credibility is primarily an issue for the trier of fact. State v. Whitefield, 3d. Dist. No. 1-04-80, 2005-Ohio-2255, at ¶ 13. The trial court is entitled to rely on the magistrate's determinations regarding credibility when it reviews the magistrate's decision. Rodriguez at ¶ 27, citingHolm v. Smilowitz (1992), 83 Ohio App.3d 757, 778-779.
 {¶ 18} The magistrate determined that the total value of Top Weldman's equipment was $24,730. In reaching this determination, the magistrate relied upon the testimony of a third party appraiser. The magistrate found that this testimony was more credible than Michael's own testimony, which put the value of the equipment at $18,415. The trial court agreed with the magistrate that the third party appraiser's testimony was more credible than Michael's. However, the trial court also found that the magistrate had erroneously included in the value of the equipment $300 that the appraiser had marked as premarital assets. Accordingly, the trial court found that the value of the equipment was $24,430.
 {¶ 19} Upon review of the record, we can not say that the trial court acted unreasonably, arbitrarily, or unconscionably in adopting the magistrate's finding that the third party appraiser's testimony was a more accurate reflection of the equipment's value than Michael's own testimony. Therefore, the trial court's finding that the value of Top Weldman's equipment was $24,430 was not an abuse of discretion.
 {¶ 20} The magistrate also found that the corporation had cash assets in the amount of $6,228.13 and retained earnings of $44,000. This evidence is supported by documentary evidence in the record. As such, the trial court's adoption of the magistrate's finding that these amounts are assets of the corporation was not an abuse of discretion. However, there are some irregularities in the in the record concerning the manner in which the magistrate determined Top Weldman's total value.
 {¶ 21} First, we note that the magistrate found that the assets of Top Weldman were $24,730 in equipment, $6,228.13 in cash assets, and $44,000 in retained earnings. The total of these three amounts is $74,958.13. Yet the magistrate found the total value of the corporation to be $75,313. There is no support for this specific amount in the record.
 {¶ 22} Second, the magistrate found that all of the liabilities of Top Weldman were personal rather than business liabilities and did not consider such liabilities in determining the valuation of the corporation. While there is evidence in the record supporting the finding that some of the liabilities of the corporation were related to personal expenses such as credit cards and cell phones, the record also reflects that Top Weldman had liabilities related to payroll and accounts payable. There was no evidence presented that such liabilities were being used for personal rather than corporate gain. Accordingly, it was error for the magistrate to summarily dismiss such liabilities without considering the affect they would have on the valuation of the corporation as a whole, and the trial court abused its discretion in adopting the same valuation.
 {¶ 23} Based on the above, we find that the trial court did not err in finding that the value of Top Weldman's equipment is $24,430 or in finding that Top Weldman had $6,228.13 in cash assets and $44,000 in retained earnings; however, based on the magistrate's failure to fully consider the liabilities of the corporation, we find that the trial court abused its discretion in determining the total value of Top Weldman. The third assignment of error is sustained.
 Assignment of Error IV {¶ 24} In the fourth assignment of error, Michael maintains that the magistrate erred by conducting an independent investigation into the value of a 1976 Jaguar owned by the parties.
 {¶ 25} In reference to the value of the 1976 Jaguar, the magistrate said that "[t]he court is going to have to do its own independent investigation with regard to values because that has not been presented to the court." (Trial Transcript, page 272). When Michael attempted to introduce Plaintiff's Exhibit 32, which contained an estimate of the Jaguar's purported value, the magistrate rejected the exhibit stating: "I plan to do it myself." (Id. at page 294).
 {¶ 26} Michael filed an objection to the magistrate's valuation of the Jaguar with the trial court, claming that the magistrate had erred by independently investigating the value of the vehicle. The trial court overruled Michael's objection, finding that the magistrate had used the average retail value from Plaintiff's Exhibit 32 and did not perform an independent analysis. The trial court's ruling is erroneous for two reasons.
 {¶ 27} First, the magistrate did not allow Plaintiff's Exhibit 32 into evidence. Therefore, she could not have utilized this in determining the value of the vehicle. Second, it is clear from the record that the magistrate did in fact engage in an independent analysis of the Jaguar's value.
 {¶ 28} Evid.R. 201 concerns the ability of court's to take judicial notice of adjudicative facts. Daloia v. FranciscanHealth Sys. of Cent. Ohio, Inc., 79 Ohio St.3d 98, 108,1997-Ohio-402. The relevant portion of Evid.R. 201 states that:
A judicially noticed fact must be one not subject toreasonable dispute in that it is either (1) generally knownwithin the territorial jurisdiction of the trial court or (2)capable of accurate and ready determination by resort to sourceswhose accuracy cannot reasonable be questioned.
Evid.R. 201(B).
 {¶ 29} In the case before us, the magistrate consulted materials not in the record and took judicial notice of the average listed retail value of the jaguar according to the NADA Blue Book. This is not the sort of fact that is subject to judicial notice. The value of a car is generally subject to reasonable dispute. Additionally, the NADA Blue Book value, while a helpful guide for determining a vehicle's value, is not a source whose accuracy cannot be reasonably questioned as Evid.R. 201(B)(2) requires. In finding that a magistrate had erred by taking judicial notice of a vehicle's NADA Blue Book value, the 8th District stated that "[t]he magistrate's use of the NADA Blue Book value of the car was done outside of the presence of either party in this matter. Therefore, [appellant] was not offered the opportunity to object to this valuation or to argue that other means, besides the NADA Blue Book, would yield a more accurate representation of the vehicle's true value." Jones v. Cynet,Inc., 8th Dist. No. 79769, 2002-Ohio-2617, at ¶ 31.
 {¶ 30} Accordingly, the magistrate erred by utilizing materials outside of the record in determining the value of the Jaguar, and the trial court erred in adopting the magistrate's valuation. The fourth assignment of error is sustained.
 Assignment of Error V {¶ 31} In his final assignment of Error, Michael asserts that the trial court erred by not finding that Elaine committed financial misconduct by dissipating marital assets during the course of the divorce. Specifically, he claims that she wrongfully spent $5,000 in tax refunds and $1,025 from a joint bank account.
 {¶ 32} Civ.R. 53(E)(3)(d) provides that a party shall not assign as error on appeal a trial court's adoption of a magistrate's finding of fact or conclusion of law unless an objection to the finding of fact or conclusion of law has been raised with the trial court. "Moreover, such an objection must be specific and state with particularity the objection's grounds."Rodriguez at ¶ 32. Although Michael raised an objection to the magistrate's decision concerning the nature of the funds that Elaine dissipated during the marriage, he did not specifically raise any claim in his objections concerning alleged financial misconduct. As such, the issue has been waived. Id.
 {¶ 33} Furthermore, even if we were to address the merits of Michael's argument, we do not find that the trial court abused its discretion by finding that Elaine utilized the disputed funds to pay for living and medical expenses. The fifth assignment of error is overruled.
 {¶ 34} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court as to the issues of the total valuation of Top Weldman and the Jaguar and remand the matter for further proceedings consistent with this opinion. However, the judgment is affirmed in all other respects.
Judgment affirmed in part; reversed in part and causeremanded.
 Cupp, P.J., and Shaw, J., concur.