DECISION AND JUDGMENT ENTRY
{¶ 1} James E. Meyer, appellant and cross-appellee, appeals the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which awarded the parties a divorce on grounds of incompatibility, and awarded Susan P. Meyer, appellee and cross-appellant, spousal support and partial attorney fees.
 {¶ 2} The parties were married on July 26, 1974, and had no children during the marriage. Appellee filed a complaint for divorce in June 2003, and appellant filed an answer. On March 24, 2004, appellant was ordered to pay appellee $2,500 per month in temporary spousal support. On April 15, 2004, appellant retired; he had been employed with the same employer for over 28 years, nearly the duration of the marriage. Appellee had been employed part-time throughout the marriage, with different employers. The parties also jointly owned an eight-unit apartment building, managed it together, and the income supplemented their salaries.
 {¶ 3} Before trial, the parties stipulated to an equal division of marital assets. Appellant retained the marital residence, appellee retained a separate plot of undeveloped property, and an eight-unit apartment building which generated rental income was sold and the proceeds divided equally. Between the parties' retirement accounts, cash, and property, each received $457,470.70 in the division. On July 9, 2004, the matter proceeded to trial on the remaining issues of spousal support and attorney fees.
 {¶ 4} At trial, both appellant and appellee testified to their health conditions and their employment history. Appellant testified that his asthmatic condition had been worsening and promoted his retirement; after he informed his employer of his retirement he was hospitalized with pneumonia. Appellee, however, testified to her belief that appellant's retirement was motivated by his desire to avoid spousal support. Appellee also presented a video tape obtained through her retention of an investigative service, which showed appellant, post-retirement, performing manual labor for his brother-in-law's business. Appellant was also questioned about the hours of volunteer physical labor he worked at the yacht club to which he belonged. Appellant insisted that his health conditions, while preventing him from maintaining his previous employment, did not prevent him from performing the other tasks. Appellee also testified to the amount of attorney fees she had paid, the balance she owed, and the amount requested.
 {¶ 5} In its rulings, the court made the following relevant findings: that appellant is physically able to work; that appellant's "decision to retire was motivated by his desire to defeat the [appellee's] claim to spousal support"; that based on appellant's early, voluntary retirement, the court could "award spousal support based upon the [appellant's] pre-retirement income"; that an award of spousal support was appropriate and reasonable based upon the parties' education, the length of their marriage, the parties' income and assets; that appellee is 55 years old and in "fair" physical health, works with "some difficulties" due to high blood pressure, diabetes, herniated discs and hip and knee problems; that during the marriage appellee held five different jobs in cleaning and clerking; that appellee's most recent yearly earning totaled $8,946.32; that appellant is 56 years old; that appellant had asthma since age three and takes daily prescribed medications but that it did not affect his ability to work; that appellant was a predictive technician for 28 years until his retirement on April 15, 2004; that appellant had not begun to receive retirement benefits; and that appellant's average yearly income for the prior three years was $90,150.
 {¶ 6} Appellee had requested spousal support in the amount of $4,674, based upon her living expenses; the court found her living expenses to be "customary and reasonable except for expenses for ten cats being boarded at a cost of One Thousand three Hundred Seventy-Five Dollars ($1,375.00) per month." The court also found appellant's living expenses of $2,179 to be customary and reasonable. After discussing the expense worksheets submitted by the parties, the trial court awarded spousal support in the amount of $2,000 per month, to continue until appellee's death, remarriage, cohabitation with another as if married, or until further court order. The court specifically reserved jurisdiction over spousal support and ordered the award "reviewable and modifiable" upon appellee attaining 60 years of age.
 {¶ 7} Regarding the spousal support award, the trial court wrote:
 {¶ 8} "The Court further finds that is not unmindful [sic] of the financial strain this spousal support award will have upon the Defendant. The Defendant may have to invade assets to meet his obligation. However, the Defendant created this financial situation with his unilateral decision to terminate his employment by retiring to avoid paying spousal support and he must now deal with the economic consequences of that decision."
 {¶ 9} The trial court found that appellee was currently unable to support herself, and that she lacked "sufficient assets and income" to pay her attorney fees, which it found necessary and reasonable. It also found that appellant's voluntary retirement caused appellee to "incur additional legal expenses to determine the propriety of that decision," and found that appellant had the financial ability to pay a portion of appellee's legal fees. It therefore ordered appellant to pay $7,500 of appellee's legal fees; the award represented less than half of appellee's total legal expenses.
 {¶ 10} Appellant now raises the following assignments of error:
 {¶ 11} "FIRST ASSIGNMENT OF ERROR: The trial court abused its discretion by ordering an award of spousal support which will leave Appellant virtually impoverished within four years.
 {¶ 12} "SECOND ASSIGNMENT OF ERROR: The trial court abused its discretion, to the prejudice of Appellant, in awarding spousal support to Appellee without a proper finding that Appellant would be unable to support herself.
 {¶ 13} "THIRD ASSIGNMENT OF ERROR: The Court erred to the prejudice of Appellant in awarding a portion of Appellee's attorney's fees.
 {¶ 14} "FOURTH ASSIGNMENT OF [sic]: The Court erred to the prejudice of Appellant when it failed to order a date certain for the termination of spousal support."
 {¶ 15} Appellee raises the following assignment of error on cross-appeal:
 {¶ 16} "Assignment of Error No. 1: The trial court abused its discretion in failing to award the full amount of requested attorney's fees, pursuant to R.C. 3105.19(H), to a wife who has much lower income and significantly less earning ability than her ex-husband and who would otherwise be unable to fully litigate the issues during proceedings in which the ex-husband has unlawfully refused to pay spousal support."
 {¶ 17} Since appellant's first, second, and fourth assignments of error relate to spousal support, we address those jointly. Appellate review of a trial court's decision to award spousal support is limited to an examination of whether an abuse of discretion occurred. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131. A trial court abuses its discretion when its attitude in reaching judgment is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 18} R.C. 3105.18(C)(1) lists factors which control a trial court's discretion in determining spousal support. We examine the record to determine whether the court considered each factor in making the award, although the trial court need not explicitly comment on each factor.Kreilick v. Kreilick (2005), 161 Ohio App.3d 682, 688, citing
 {¶ 19} Tallman v. Tallman, 6th Dist. No. F-03-008, 2004-Ohio-895, andStockman v. Stockman (Dec. 15, 2000), 6th Dist. No. L-00-1053.
 {¶ 20} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 21} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 22} "(b) The relative earning abilities of the parties;
 {¶ 23} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 24} "(d) The retirement benefits of the parties;
 {¶ 25} "(e) The duration of the marriage;
 {¶ 26} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 27} "(g) The standard of living of the parties established during the marriage;
 {¶ 28} "(h) The relative extent of education of the parties;
 {¶ 29} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 30} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 31} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 32} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 33} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 34} "(n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 35} "(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income." R.C. 3105.18(C)(1)-(2).
 {¶ 36} In contesting the award of spousal support, appellant first argues that even if the court correctly determined that appellant was voluntarily underemployed, the award will cause his "complete and utter impoverishment" within a few years and that as such, the award was intended to "punish" appellant. Citing Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 89, appellant argues that the trial court abused its discretion through the award qua punishment. Appellant acknowledges, however, that the trial court may impute income to a voluntarily underemployed person for the purpose of determining spousal support. Noev. Noe (Sept. 29, 1995), 6th Dist. No. No. L-94-077; see also Miller v.Miller (Sept. 10, 1993), 6th Dist. No. L-92-302, citing Ranz v. Ranz
(1988), 51 Ohio App.3d 66.
 {¶ 37} The trial court stated that it had considered all of the statutory facts, and we find that there is sufficient evidence in the record supporting the award of spousal support, especially given appellant's tacit concession as to the amount of income imputed. The record also supports the trial court's finding that appellant is not precluded from gainful employment. The record also supports the trial court's finding that appellant was voluntarily retired and did so in order to avoid paying spousal support. Moreover, the trial court fully considered whether appellee had the ability to support herself, as it considered their relative earning capacities. Thus, appellant's first and second assignments of error are not well taken.
 {¶ 38} In his fourth assignment of error, appellant argues that the trial court erred when failing to terminate the spousal support award upon a date certain. Appellant again cites Kunkle, supra: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities." Id. at paragraph one of the syllabus.
 {¶ 39} However, in support, appellant only reiterates his arguments with respect to appellee's earning ability. For the same reasons set forth above, the trial court's findings are fully supported by the record and thus its declination to set a date certain is not an abuse of discretion. This is especially so where the parties were married for nearly 30 years, and the award is necessary to achieve the spousal support purpose of maintaining the parties at approximately the same standard of living. See, Schneider v. Schneider (1996)110 Ohio App.3d 487, 494-495, stating that a 23 year marriage was of "considerable duration" and upholding a seven year spousal support order. Here, the trial court expressly reserved jurisdiction to modify the award given a future change of circumstances. Thus, appellant's fourth assignment of error is likewise not well taken.
 {¶ 40} Since appellant's third assignment of error and appellee's cross-assignment of error both relate to attorney fees, we consider them jointly. The decision whether to award attorney fees in a divorce proceeding is within the sound discretion of the trial court. Rand v.Rand (1985), 18 Ohio St.3d 356, 359. Appellant argues that the trial court abused its discretion by ordering him to pay one-half of appellee's fees; appellee argues that the trial court abused its discretion in failing to award the full amount of her attorney's fees.
 {¶ 41} The general rule is that the payment of attorney fees is primarily the function of the party who retains the attorney. Farley v.Farley (1994), 97 Ohio App.3d 351. A trial court may award reasonable attorney's fees to either party if the other party has the ability to pay and if a party would be unable to fully litigate the issues. R.C.3105.18(H). The trial court must consider the same factors considered when making an award of spousal support. Cooper v. Cooper, 6th Dist. No. L-02-1163, 2002-Ohio-7105, ¶ 15, citing Williams v. Williams (1996),116 Ohio App.3d 320, 328. For the reasons discussed when considering spousal support, we also find that the trial court did not abuse its discretion in awarding appellee a partial amount of her attorney fees. We reject appellee's proposition that, since the award of spousal support was proper, she should be awarded all of her attorney's fees; attorney's fees are awarded as spousal support, see Kreilick v. Kreilick, supra, and, given appellee's assets, the trial court's award was not an abuse of discretion. Accordingly, appellant's third assignment of error and appellee's cross-assignment of error are both not well taken.
 {¶ 42} We find that substantial justice was done to both parties, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Appellant and appellee are hereby ordered to each pay one-half the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, Skow, J. concur.