OPINION
{¶ 1} This appeal arises from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant Janine A. Scott, appeals the trial court's findings of fact and conclusions of law in a final decree of divorce.
 {¶ 2} Appellant and appellee, William Scott, were married on January 15, 1994. No children were born during the marriage. Appellant was employed full-time as a major market manager for Sprint at all times during the marriage. Appellee was employed full-time at Delphi Packard at all times during the marriage.
 {¶ 3} On February 1, 2001, appellee filed a complaint for divorce. Appellant filed an answer to appellee's complaint along with a counterclaim for divorce on April 17, 2001. On June 27, 2001, appellant filed a motion requesting, inter alia, exclusive occupancy of the marital residence along with one-half of the costs of the mortgage, utilities, home insurance, and real estate taxes to be paid by appellee for the time period during which he resided at the marital residence. A hearing on that motion was held on October 30, 2001.
 {¶ 4} A one-day contested divorce hearing was held on April 1, 2002. At the hearing, both parties stipulated to the division of a number of household goods and furnishings, both parties' individually-owned rental properties, a 1992 truck, and two timeshares in Florida, which were jointly owned.
 {¶ 5} On April 12, 2002, the trial court issued a final decree of divorce with findings of fact and conclusions of law. The judgment entry included the division of the marital property. Appellant subsequently filed a motion for a new trial and clarification of judgment entry, pursuant to Civ.R. 59(A), on April 26, 2002. In her motion, appellant contended that the judgment entry issued by the trial court was incomplete for a number of reasons: (1) it failed to specifically set forth how the parties were to calculate the equity in the marital residence; (2) it did not clearly identify which assets were marital and which were separate; and (3) it did not address appellant's claim for reimbursement for improvements made to appellee's rental property.
 {¶ 6} On October 29, 2002, the trial court denied appellant's motion. Appellant subsequently filed this appeal, citing six assignments of error:
 {¶ 7} "[1.] The trial court committed prejudicial error to appellant-wife and abused its discretion in failing to make an equitable distribution of the marital residence in accordance with R.C. 3105.171(C) and by failing to explain its division of the marital residence.
 {¶ 8} "[2.] The trial court committed prejudicial error to appellant-wife and abused its discretion in finding that substantial improvements made by appellant-wife to the marital residence prior to her marriage to appellee-husband or from separate and traceable monies were marital property.
 {¶ 9} "[3.] The trial court committed prejudicial error to appellant-wife and abused its discretion in refusing to consider the verbal agreement entered into between appellant-wife and appellee-husbandprior to their marriage.
 {¶ 10} "[4.] The trial court committed prejudicial error to appellant-wife and abused its discretion by failing to equitably divide the parties' marital property, namely the 1994 Oldsmobile, the 1970 Nova and various car parts, and appellee-husband's corporation by the name of Classic Auto Wire, Inc.
 {¶ 11} "[5.] The trial court committed prejudicial error to appellant-wife and abused its discretion by failing to accurately determine and apportion the marital debts and credit appellant-wife for enhancements made to appellee-husband's rental property.
 {¶ 12} "[6.] The trial court committed prejudicial error to appellant-wife and abused its discretion in denying appellant-wife's motion for new trial and clarification of judgment entry pursuant to Civ.R. 59(A)." (Emphasis sic.)
 {¶ 13} For the reasons that follow, we must dismiss this appeal for lack of a final, appealable order.
 {¶ 14} Pursuant to R.C. 2505.02, an order that does not adjudicate all the claims or the rights and liabilities of all the parties is not final and appealable.[1] Other appellate courts have determined that, under certain circumstances, divorce decrees may constitute final, appealable orders although not all issues have been resolved.[2] However, without a clear, final determination as to marital property and debt, an appellate court is without jurisdiction to hear the appeal.[3]
 {¶ 15} In the instant case, the trial court noted in its findings of fact: {¶ 16} "On 3/29/95 the parties remortgaged [the marital residence]. The new mortgage was in the name of both parties but title remained in the name of Wife alone.
 {¶ 17} "The parties made significant improvements to the real estate including the addition of an in-ground pool upon refinancing.
 {¶ 18} "The Court finds that the increase in the equity of the real estate during the marriage is a marital asset subject to equal division.
 {¶ 19} "At the time of this hearing, the appraisal on this property was not completed."
 {¶ 20} Later in the judgment entry, the court made the following order:
 {¶ 21} "Wife shall retain the marital residence known as 1021 Central Parkway in Warren, Ohio, and upon completion of the evaluation, pay Husband his one-half equity interest accrued since the date of marriage up to and including the date of this hearing."
 {¶ 22} Having already acknowledged that the appraisal of the property had yet to be completed, the court recognized that it lacked the values necessary in determining whether any equity in the home existed and, if so, what amount. An appraisal of the property was completed and appellant included it within her subsequent Civ.R. 59 motion for new trial. The trial court denied that motion, and, thus, an equitable division of the marital property was never completed.
 {¶ 23} Moreover, the final divorce decree is also incomplete as it does not address debts owed on the marital residence as a result of the remortgage of the property, and does not address any other debts owed by each party individually and separately, including appellant's contention that improvements to appellee's rental property were made with separate, traceable monies.
 {¶ 24} Therefore, as the divorce decree is incomplete, leaving open the issues of equity in the marital residence and marital and personal debt, we conclude that it is not a final, appealable order and we are without jurisdiction to hear the appeal. Thus, the appeal is dismissed.
Grendell, J., concurs,
Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concurs in judgment only.
[1] Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus.
[2] See Evicks v. Evicks (1992), 79 Ohio App.3d 657, 663; Shull v.Shull (Aug. 9, 1990), 2d Dist. No. 89-CA-89, 1990 Ohio App. LEXIS 3311, at *5; Gordon v. Gordon (1973), 33 Ohio App.2d 257, 258; Joseph v.Joseph (Jan. 25, 1988), 5th Dist. No. CA-7126, 1988 Ohio App. LEXIS 250, at *6-7.
[3] Evicks v. Evicks, at 660-661. See, also, Davis v. Davis (Oct. 25, 1994), 3d Dist. No. 14-94-21, 1994 Ohio App. LEXIS 4783, at *2.