OPINION
{¶ 1} Appellant, Paul J. Watson ("Watson"), appeals from a judgment entry of the Portage County Common Pleas Court, Domestic Relations Division. On review, we reverse the judgment entry and remand this matter to the trial court.
 {¶ 2} Watson and appellee, Gail E. Watson, were married in Missouri in 1990. No children were born of their marriage. In 1993, the parties moved to Ohio, where they lived for several years. After separating in 2001, Watson moved to California in 2002.
 {¶ 3} Watson filed for a dissolution in California in February 2004 and caused Gail E. Watson to be served with a complaint for dissolution on March 5, 2004. Gail E. Watson did not answer the complaint and was found to be in default of answer or other pleading in April 2004.
 {¶ 4} The record contains a photocopy of a judgment entry entered by the California court following Gail E. Watson's default. No certified copy of the judgment entry has been filed in the record. The photocopy of the California judgment entry reflects that the court entered a decree of dissolution on August 11, 2004, with an effective date for dissolution of September 6, 2004. The photocopy also reflects that the California court adjudicated matters of spousal support, property division, attorney fees, and costs in the decree.
 {¶ 5} Gail E. Watson filed a complaint for divorce in Portage County, Ohio on May 12, 2004. Watson filed a motion to dismiss this complaint on July 12, 2004. The trial court dismissed this motion in September 2004. Watson then filed his answer to Gail E. Watson's complaint. His answer contained the affirmative defense that the parties had already been divorced by the court in California.
 {¶ 6} Beginning in April 2005, Watson's attorney made various representations to the Portage County court that Gail E. Watson had sought to re-open the case in California. No supporting documents were filed in the record. The trial court accepted these representations and, on September 13, 2005, ordered as follows:
 {¶ 7} "Upon motion and for good cause shown, this case is stayed until a decision is received from the California court."
 {¶ 8} Notwithstanding the stay of proceedings, the Portage County court scheduled the matter for trial on April 12, 2006. No decision from the California court regarding the reopening of the case appears in the record.
 {¶ 9} Watson renewed his motion to dismiss on April 10, 2006. The motion stated the following with regard to the status of the reopening of the California case:
 {¶ 10} "[Gail E. Watson] claims she filed a [Civ.R.] 60(B) Motion in the California case. Said Motion was granted by the [California] Court. However, the [California] Court returned the case to the docket and there is a trial scheduled in this case for April 20, 2006."
 {¶ 11} Gail E. Watson's Civ.R. 60(B) motion filed in the California court, the order that granted the motion, the order returning the case to the active docket, and the order scheduling the case for trial have not been filed in the record in the instant case.
 {¶ 12} However, if the assertions made by Watson are accurate, then, as of April 10, 2006, the parties' decree of dissolution in California was vacated and the parties' marriage had not yet been terminated.
 {¶ 13} The instant matter proceeded to trial on April 12, 2006.
 {¶ 14} At trial, Gail E. Watson testified about an income and expense declaration that was filed in the California case. She also testified that she had been diagnosed with a heart problem after the divorce decree was entered in California in 2004.
 {¶ 15} On May 12, 2006, the trial court filed a judgment entry that touched on matters of the court's jurisdiction and spousal support.
 {¶ 16} The trial court found that it had jurisdiction to adjudicate spousal support for Gail E. Watson. Though the trial court found that Gail E. Watson had filed a motion to re-open the California case on August 11, 2004, the trial court stated:
 {¶ 17} "It is, therefore, this Court's conclusion that due to the California court's lack of personal jurisdiction over the person of Wife, that court lacks jurisdiction to decide the issue of her right to spousal support and property, especially property existing in the State of Ohio. This Court also concludes that justice demands that this Court bring closure to the issue of whether or not Wife is entitled to spousal support. Justice is not served by any further delay to determine what the State of California may rule in Wife's motion to vacate the California Decree related to spousal support. Accordingly, it is this Court's conclusion that it has jurisdiction to resolve the issue of spousal support."
 {¶ 18} Thus, contrary to Watson's assertions in his motion filed on April 10, 2006, the trial court assumed that the California decree of dissolution was still in effect. The trial court asserted that the California court did not have personal jurisdiction over Gail E. Watson because she had never resided there.
 {¶ 19} The trial court ordered Watson to pay spousal support to Gail E. Watson in the amount of $600 per month for 84 months.
 {¶ 20} With respect to a division of marital property, the judgment entry recites that it is dividing "the parties' marital assets, including pension and retirement rights [and ordering] the payment of the parties' debts, and [awarding] child and/or spousal support," even though there is no provision in the judgment entry as to what property, pensions, or debts are being divided.
 {¶ 21} Watson now appeals the judgment entry awarding spousal support, asserting four assignments of error:
 {¶ 22} "[1.] The trial court erred as a matter of law in determining that it has subject matter jurisdiction over the matter.
 {¶ 23} "[2.] The trial court abused its discretion in proceeding with a trial on the merits when a motion for a continuance to pursue an interlocutory appeal was pending.
 {¶ 24} "[3.] The trial court abused its discretion in proceeding with a trial on the merits when counsel for appellant filed a motion for continuance because she was previously scheduled for trial on another matter at the same time.
 {¶ 25} "[4.] Assuming arguendo that the trial court had jurisdiction, the trial court abused its discretion in awarding wife spousal support."
 {¶ 26} We shall first address the state of the record that has been filed in this court.
 {¶ 27} Our determination in this appeal must be based solely upon the record before this court.[1] We have alluded to the fact that no authenticated documents from the California dissolution proceedings have been included in the record.
 {¶ 28} Evid.R. 901(A) provides:
 {¶ 29} "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
 {¶ 30} Evid.R. 901(B) gives illustrations of authenticated documents that conform to Evid.R. 901(A). The illustration dealing with public records is as follows:
 {¶ 31} "Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."[2]
 {¶ 32} In this case, the parties offered documents purporting to be from a court in California that were not authenticated by any public office in that state. As such, they were not admissible as evidence, and should not have been considered by the trial court.
 {¶ 33} This court is in no better position in this respect. For example, it is not clear from the record whether a dissolution decree is still extant in California, or whether it was vacated pursuant to a Civ.R. 60(B) motion allegedly filed by Gail E. Watson. Our further difficulty with the record is that the trial court made an assertion that it had jurisdiction to order spousal support based upon the assumption that the court in California did not have personal jurisdiction over Gail E. Watson. However, the state of the record is such that we are unable to determine whether the California court had personal jurisdiction over Gail E. Watson.
 {¶ 34} If the court in California lacked personal jurisdiction over Gail E. Watson, as asserted by the trial court, then the court in California could only terminate the parties' marriage pursuant to its subject matter jurisdiction.[3] As stated by the trial court in its judgment entry, "[t]here is no dispute that California had jurisdiction to grant Husband a divorce."
 {¶ 35} On the other hand, if the court in California did have personal jurisdiction over the parties as early as 2004, or now has personal jurisdiction over the parties by virtue of Gail E. Watson entering her appearance there, and it terminated the parties' marriage, but did not adjudicate the matter of spousal support, the case should be transferred to California to rule on this issue.[4] If it had, or now has, personal jurisdiction, and if it did rule on the issue of spousal support, then its order should be given full faith and credit by the trial court, and the issue of spousal support is at an end.
 {¶ 36} The state of the record in Ohio is such that we cannot determine whether the court in California had personal jurisdiction over the parties as early as 2004, the status of the parties' marriage as of April 12, 2006, nor the status of the rulings from the California court on division of property and spousal support.
 {¶ 37} While Article IV, Section 1 of the United States Constitution requires each state to give full faith and credit to the judicial proceedings of every other state, the record before us contains no authenticated copies of the proceedings in California. As stated by the United States Supreme Court, "[a] judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits — had jurisdiction, that is, to render the judgment."[5]
 {¶ 38} Though Gail E. Watson testified at the hearing on April 12, 2006 that she has never resided in California, no effort by her to rebut the assertion of personal jurisdiction by the California court is reflected in the record. Again, the record is not helpful on the issue whether the California court had personal jurisdiction over Gail E. Watson.
 {¶ 39} We raise a further jurisdictional issue, because it appears that this matter should have been adjudicated by the trial court with reference to the Uniform Interstate Family Support Act "(UIFSA"), codified as R.C. 3115.01 to 3115.59. UIFSA became effective in Ohio as of January 1, 1998,[6] and applies to spousal support orders as well as child support orders.[7]
 {¶ 40} The purpose of UIFSA was to create a "one-order" system of support orders to avoid conflicts between courts of different states.
 {¶ 41} "UIFSA is predicated on a one-order system where only one state's [spousal support] order governs at any time, and, unless the first state has lost jurisdiction, no other state may modify the order."[8]
 {¶ 42} R.C. 3115.06 governs the exercise of jurisdiction where a request for support has been filed in another state. It provides, in pertinent part:
 {¶ 43} "(A) A tribunal of this state may exercise jurisdiction to issue a support order if the complaint or comparable pleading is filed in this state after a complaint or comparable pleading requesting the issuance of a support order is filed in another state only if all of the following apply:
 {¶ 44} "(1) The complaint or comparable pleading is filed in this state before the expiration of the time allowed in the other state for filing a responsive pleading challenging the exercise of jurisdiction by the other state;
 {¶ 45} "(2) The contesting party timely challenges the exercise of jurisdiction in the other state;
 {¶ 46} "* * *
 {¶ 47} "(B) A tribunal of this state may not exercise jurisdiction to issue a support order if the complaint or comparable pleading is filed in this state before a complaint or comparable pleading requesting the issuance of a support order is filed in another state if any of the following is the case:
 {¶ 48} "(1) The complaint or comparable pleading is filed in the other state before the expiration of the time allowed in this state for filing a responsive pleading challenging the exercise of jurisdiction by this state.
 {¶ 49} "(2) The contesting party timely challenges the exercise of jurisdiction in this state."
 {¶ 50} Gail E. Watson did not timely challenge the filing of Watson's petition for dissolution in California so as to vest the Ohio court with jurisdiction to order support for her, as contemplated by R.C.3115.06(A). In addition, her complaint for divorce was not filed in Ohio before Watson's petition for dissolution was filed in California, so the possibility of opting out of the jurisdictional bar of R.C. 3115.06(B) is not available to her.
 {¶ 51} Moreover, the fact that Watson filed an income and expense declaration in the California case, and about which Gail E. Watson testified, implies that an order of support was requested by Watson in that case, as opposed to simply requesting a divorce.
 {¶ 52} Therefore, the trial court was without jurisdiction to enter a spousal support order in contravention of R.C. 3115.06(A). A judgment entry entered in the absence of jurisdiction to do so is void.[9]
Watson raised the jurisdictional issue in the trial court and in his first assignment of error. We find that the first assignment of error is with merit. This assignment of error is dispositive of the matter and, therefore, the other three assignments of error are moot.[10]
 {¶ 53} Our decision herein does not change this court's prior decision in Scott v. Scott, where we dismissed an appeal from a judgment entry that did not adjudicate all issues then pending in a divorce case, because the order was not a final, appealable order.[11]
 {¶ 54} Jurisdictional issues need to be determined by the trial court once the record reflects the actual status of the California proceeding.
 {¶ 55} Upon remand to the trial court, the trial court should first determine if it, or the court in California, had personal jurisdiction over the parties as early as 2004. If the court in California had personal jurisdiction in 2004, or now has jurisdiction over the person of Gail E. Watson, and it has terminated the parties' marriage, but has not adjudicated the matter of spousal support, then the matter should be transferred to California to rule on this issue.[12] If the court in California had or has personal jurisdiction and has adjudicated the issue of spousal support, then its order should be given full faith and credit by the trial court and the issue is at an end.
 {¶ 56} If the court in California did not have or does not have personal jurisdiction over Gail E. Watson, then the trial court should proceed with her divorce complaint and adjudicate all matters pertinent thereto. The parties need to provide the trial court with properly authenticated documents.
 {¶ 57} The judgment entry of the trial court is reversed, and this matter is remanded to the trial court with instructions to vacate its judgment entry and proceed with this matter consistent with this opinion.[13]
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] Teegarden v. Teegarden (1947), 83 Ohio App. 517, 518.
[2] Evid.R. 901(B)(7).
[3] Estin v. Estin (1948), 334 U.S. 541, 548-549.
[4] R.C. 3115.17.
[5] Williams v. North Carolina (1945), 325 U.S. 226, 229.
[6] H.B. 352, 147 Ohio Laws.
[7] R.C. 3115.01 (B) and (T).
[8] Straight v. Straight (Mo. 2006), 195 S.W.3d 461, 464.
[9] State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 75, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
[10] App.R. 12(A)(1)(c).
[11] Scott v. Scott, 11th Dist. No. 2002-T-0185, 2005-Ohio-939, at ¶ 24.
[12] R.C. 3115.17.
[13] See Rappach v. Liberty Twp. Civ. Serv. Comm., 11th Dist. No. 2004-T-0046, 2005-Ohio-3088, at ¶ 9.