DECISION AND JUDGMENT ENTRY
{¶ 1} Sherri Murphy ("Appellant") appeals the decision of the Lawrence County Court of Common Pleas granting the motion for relief from judgment filed by Ted Murphy ("Appellee") which set aside the final divorce decree and alimony award in the divorce proceedings between the Appellant and the Appellee. The Appellant asserts that the evidence overwhelmingly establishes that the Appellee received a seven day notice of the final hearing for divorce, although the Appellee contends he received no such notice. Because we are not persuaded by either of the Appellant's arguments, we affirm the judgment of the trial court.
 I. Facts {¶ 2} The Appellant filed a divorce complaint against the Appellee in the Lawrence County Court of Common Pleas on September 13, 2005. The Appellee was served with the complaint by a duly-appointed process server on October 5, 2005. From that date until the present, the Appellant and the Appellee have resided at 716 N. 8th Street in Ironton, Ohio. The parties have lived together continually throughout the process of the divorce.
 {¶ 3} The divorce trial was held on December 21, 2005. The Appellee was not present at the trial. Judgment was entered for the Appellant for divorce, alimony, and a division of assets. There is some question over whether a seven day notice pursuant to Civ.R. 6(D) was filed and served upon the Appellee prior to the trial. The Appellee claims that he never received such a notice, while the Appellant asserts that he did. Additionally, the Appellee claims that although he was not served with a seven day notice, the Appellant told him that he was to be present in court at 10:00 a.m. on December 21, 2005, despite the fact that the trial was scheduled to begin at 8:30 a.m. When he arrived at the trial court around 9:30 a.m. on December 21, 2005, judgment had already been entered in favor of the Appellant.
 {¶ 4} On January 17, 2006, the Appellee filed a motion for relief from judgment pursuant to Civ.R. 60 on the grounds that the Appellee did not receive a seven day notice. The trial court held a hearing in order to verify the facts alleged in the motion. At the conclusion of the hearing, the trial court granted judgment in favor of the Appellee and set aside the final divorce decree and alimony award. The Appellant now appeals the decision of the trial court, asserting the following assignments of error:
 {¶ 5} 1. THE TRIAL COURT ERRED IN SUSTAINING DEFENDANTA-PPELLEE'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60 OF THE OHIO RULES OF CIVIL PROCEDURE.
 {¶ 6} 2. THE TRIAL COURT ERRED IN NOT FOLLOWING LOCAL RULES OF PRACTICE 3 IN REGARD TO FILING OF SEVEN DAY NOTICES.
 II. Civ.R. 60 Motion for Relief from Judgment {¶ 7} In her first assignment of error, the Appellant contends that the trial court erred when it granted the Appellee's Civ.R. 60 motion for relief from judgment. Civ.R. 60(B) provides, in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(5) any other reason justifying relief from the judgment.
 {¶ 8} In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. Harris v. Anderson (2006), 109 Ohio St.3d 101, 102,846 N.E.2d 43, citing State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153, 684 N.E.2d 1237. An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable; it is more than an error in judgment. State exrel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151,666 N.E.2d 1134.
 {¶ 9} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTEAutomatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. Strack v. Pelton (1994), 70 Ohio St.3d 172,174, 637 N.E.2d 914.
 {¶ 10} In addition, if the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Kay v. MarcGlassman, Inc. (1996), 76 Ohio St.3d 18, 19, 665 N.E.2d 1102;Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16, 448 N.E.2d 809. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). S. Ohio Coal Co. v. Kidney (1995),100 Ohio App.3d 661, 667, 654 N.E.2d 1017.
 {¶ 11} In the case sub judice, the Appellee's Civ.R. 60(B) motion fulfilled each of the aforementioned requirements. It presented a meritorious claim, as well as a reason upon which relief could be granted, in asserting that the Appellee had not received a seven day notice. It was likewise made within a reasonable time. Additionally, the trial court held a hearing to verify operative facts set forth in the motion prior to ruling on the motion. Therefore, it was not an abuse of discretion for the trial court to grant the Appellee's Civ.R. 60(B) motion. The Appellant's first assignment of error is accordingly overruled.
 III. Lawrence County Local Rule of Practice 3 {¶ 12} In her second assignment of error, the Appellant asserts that the trial court erred by not following Lawrence County Local Rule of Practice 3 with regard to the filing of seven day notices. Lawrence County Local Rule 3, Section 1, provides:
The Clerk shall carefully preserve in the Clerk's office all papers delivered for that purpose in every action or proceeding and have them available during court hours or otherwise as necessary.
(Emphasis added). The use of the term "delivered" in Local Rule 3 implies the necessity for the clerk to preserve only those documents which are actually delivered to him or her in each case. Because the seven day notice would not have been delivered to the clerk by a party to the action, the clerk was under no duty to preserve the document. Accordingly, we overrule the Appellant's second assignment of error.
 IV. Conclusion {¶ 13} In our view, and based on the record below, we cannot say the court below abused its discretion. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. Kline, J.: Concurs in Judgment Only.