OPINION
{¶ 1} Defendant-appellant, Janine A. Scott k.n.a. Byrnes, appeals the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, terminating her marriage to plaintiff-appellee, William Scott, and dividing the marital estate. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} Byrnes and Scott were married on January 15, 1994. No children were born as issue of the marriage. During the marriage, Byrnes worked as a market manager for Sprint and Scott worked for Delphi Packard.
 {¶ 3} At the time of the marriage, Byrnes owned a residential property with a mortgage at 1021 Central Parkway in Warren, Ohio. On March 29, 1995, the parties refinanced the mortgage in both their names, although the property remained titled in Byrnes' name alone. The parties made improvements to the residence, including the installation of an in-ground swimming pool. The 1021 Central Parkway residence was the parties' marital residence, with both parties contributing to household expenses.
 {¶ 4} In the course of the marriage, Byrnes bought residential rental property at 1434 Central Parkway and Scott bought residential rental property at 1424 Central Parkway. Improvements were made to both properties.
 {¶ 5} In 1996, Byrnes bought Scott a 1970 Chevrolet Nova for $3,200. After the expenditure of considerable marital funds to restore the vehicle, it was valued at the time of divorce at $4,500.
 {¶ 6} In the course of the marriage, the parties purchased a 1994 Oldsmobile 98. Shortly before Scott filed for divorce, Byrnes gave the Oldsmobile to her mother, who, in turn, sold the Oldsmobile to Byrnes' aunt for $8,000.
 {¶ 7} On February 1, 2001, Scott filed a complaint for divorce.
 {¶ 8} On April 1, 2002, a trial on the merits was held.
 {¶ 9} On April 12, 2002, the trial court issued its Judgment Entry (Final Decree of Divorce), granting the parties a divorce on the stipulated grounds of *Page 3 
incompatibility and dividing the marital estate. Thereafter, Byrnes filed a Motion for a New Trial pursuant to Civ.R. 59(A). On October 29, 2002, the trial court denied Byrne's motion.
 {¶ 10} Byrnes timely appealed the trial court's decision. That appeal was dismissed by this court for lack of a final order. We observed "the divorce decree is incomplete" inasmuch as it "leav[es] open the issues of equity in the marital residence and marital and personal debt."Scott v. Scott, 11th Dist. No. 2002-T-0185, 2005-Ohio-939, at ¶ 24.
 {¶ 11} On April 23, 2007, the trial court issued a Supplemental Judgment Entry of Divorce. The court found that, "even though Wife was the major wage earner during the marriage and her greater income enabled the parties to accrue * * * significant assets in this case, * * * an equal division of property is * * * equitable in this situation."
 {¶ 12} The court made the following orders relative to the issues raised in this appeal. Byrnes shall retain the rental property at 1434 Central Parkway "and shall be responsible for any indebtedness thereon." Scott shall retain the rental property at 1424 Central Parkway "and shall be responsible for any indebtedness thereon." Byrnes shall retain the marital residence at 1021 Central Parkway and shall pay Scott $11,778, representing one-half of the increased equitable value of the residence during the course of the marriage.[1] Scott shall retain the 1970 Nova and pay Byrnes $650 representing one-half of the increased equitable value of the vehicle. Byrnes *Page 4 
shall pay Scott $4,000, representing one half of the sale price of the Oldsmobile, given to Byrnes' mother and subsequently sold.
 {¶ 13} From this judgment, Byrnes timely appeals and raises the following assignments of error:
 {¶ 14} "[1.] The trial court committed prejudicial error to appellant-wife and abused its discretion by failing to accurately determine and apportion the marital debts and credit appellant-wife for enhancements made to appellee-husband's rental property pursuant to this court's mandate.
 {¶ 15} "[2.] The trial court committed prejudicial error to appellant-wife and abused its discretion in refusing to consider the verbal agreement entered into between appellant-wife and appellee-husband prior to the marriage.
 {¶ 16} "[3.] The trial court committed prejudicial error to appellant-wife and abused its discretion in finding that substantial improvements made by appellant-wife to the marital residence prior to her marriage to appellee-husband or from separate and traceable monies were marital property, and thus, failed to make an equitable division.
 {¶ 17} "[4.] The trial court committed prejudicial error to appellant-wife and abused its discretion by failing to equitably divide the parties' marital property, namely the 1994 Oldsmobile, the 1970 Nova and various car parts, and appellee-husband's corporation by the name of Classic Auto Wire, Inc."
 {¶ 18} Two standards of review are entailed in Byrnes' assignments of error. "In divorce proceedings, * * * the court shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). "A trial court has broad *Page 5 
discretion in making divisions of property in domestic cases."Middendorf v. Middendorf, 82 Ohio St.3d 397, 401, 1998-Ohio-403, citingBerish v. Berish (1982), 69 Ohio St.2d 318, 319. "A trial court's decision will be upheld absent an abuse of discretion." Id., citingHolcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
 {¶ 19} "A trial court's characterization of property as either marital or separate that involves factual questions is reviewed under a manifest weight of the evidence standard." Moser v. Moser, 11th Dist. No. 2006-P-0047, 2007-Ohio-4109, at ¶ 20 (citation omitted). A trial court's factual findings are entitled to a presumption of correctness and will not be reversed as being against the manifest weight of the evidence if they are supported by competent, credible evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, citing C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, at syllabus.
 {¶ 20} In her first assignment of error, Byrnes asserts the trial court erred by failing to credit her for improvements made to Scott's rental property at 1424 Central Parkway. Byrnes acknowledges this property was Scott's separate property at the time he purchased it. At trial, Byrnes introduced evidence of substantial improvements to the property paid for with monies she earned during the course of the marriage. Byrnes argues she is "either entitled to full reimbursement of the monies she applied toward the improvement of [Scott's] rental property or to half of the increase of equity in [Scott's] rental property."
 {¶ 21} Byrnes is correct that she was entitled to one half of the increase of the equity in Scott's rental property due to the expenditure of martial funds. R.C. 3105.171(A)(3)(a)(iii) (marital property includes "all income and appreciation on *Page 6 
separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage");Middendorf, 82 Ohio St.3d at 400 ("when either spouse makes a labor, money, or an in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property") (emphasis sic). Conversely, Byrnes is not entitled to reimbursement for the expenditure of marital funds. Young v. Young (Mar. 30, 2001), 2nd Dist. No. 18392, 2001 Ohio App. LEXIS 1514, at *3 ("[p]laintiff is not entitled to reimbursement from defendant for marital expenditures from marital funds"). As the Second District has observed, a court cannot "un-marry" the parties and restore them to a condition as if the marriage had never occurred. Id.
 {¶ 22} In the present case, however, Byrnes failed to prove the amount of the appreciation on Scott's property during the marriage. Although the expenditures to improve the property were well-documented, there was no evidence of the value of Scott's property either before or after the improvements. In the absence of this evidence, it was impossible for the court either to value or divide the appreciation on Scott's property. "A trial court does not need to equitably divide an asset if the record does not provide sufficient evidence for the trial court to value and equitably divide that asset." Spier v. Spier, 7th Dist. No. 05 MA 26,2006-Ohio-1289, at ¶ 67 (citation omitted). Accordingly, the trial court did not err by awarding Byrnes one half of the appreciation on Scott's property. See, also Zunk v. Zunk (Feb. 16, 2001), 6th Dist. No. L-99-1167, 2001 Ohio App. LEXIS 530, at *7-*8 (appellant not entitled to appreciation where the amount of appreciation is uncertain);Frederick v. Frederick (Mar. 31, 2000), 11th Dist. No. 98-P-0071, 2000 Ohio App. LEXIS 1458, at *54-*56 *Page 7 
(appellant not entitled to child support credit for providing health insurance in the absence of evidence of the premium paid to insure the child); Okos v. Okos (2000), 137 Ohio App.3d 563, 570-571 (appellant failed to provide evidence of the value of the marital portion of a pension to allow the court to make an award).[2]
 {¶ 23} The first assignment of error is without merit.
 {¶ 24} Under the second assignment of error, Byrnes argues the trial court erred by failing to consider the parties' premarital verbal agreement to maintain separate assets during the marriage. At trial, Byrnes and Scott testified that they would keep separate accounts during the marriage. Scott denied that there was any agreement to keep all their property separate.
 {¶ 25} Byrnes acknowledges that any verbal agreement regarding separate property is unenforceable under Ohio's Statute of Frauds. R.C.1335.05 ("No action shall be brought whereby * * * to charge a person upon an agreement made upon consideration of marriage * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing"). She contends, however, the parties abided by the agreement during the marriage as evidenced by the fact that only jointly-titled assets at the time of divorce were the mortgage on the marital residence and two time-shares purchased in Florida.
 {¶ 26} The assignment of error is without merit. Any agreement to maintain separate property is unenforceable as a matter of law and disputed by Scott as a *Page 8 
matter of fact. The trial court was free to consider or disregard the parties' informal agreement in dividing the marital estate.
 {¶ 27} In the third assignment of error, Byrnes asserts the trial court erred by evenly dividing the appreciation on the marital residence between the parties. Byrnes maintains that the even division of this asset is inequitable because Scott contributed little toward the payment of the mortgage and maintenance of the marital residence and because separate funds were used to purchase the pool, substantially contributing to the appreciation of the residence. Finally, Byrnes contends the trial court failed to account for improvements made to the property prior to her marriage with Scott.
 {¶ 28} Byrnes purchased the residence in March 1987 for $32,000.
 {¶ 29} At trial, Byrnes testified that Scott only contributed $100 a week toward maintaining the residence (utilities, insurance, groceries, mortgage, taxes). Scott testified that his weekly contribution was closer to $400.
 {¶ 30} In 1995, Burnett Pools was paid $37,550 to install an in-ground pool at the residence. Byrnes and Scott agreed that Scott contributed $2,500 to the cost of the pool. Regarding her contribution, Byrnes testified that $23,500 came from her savings. Byrnes also testified she paid $16,800 with money obtained when the residence was refinanced during the marriage and $15,000 from a money market account.
 {¶ 31} In its judgment entry, the trial court determined there was $26,503 of equity in the residence at the time of the parties' marriage in January 1994 (representing a fair market value of $65,000 minus mortgage indebtedness of *Page 9 
$38,497), and $50,059 of equity in March 2002 (representing a fair market value of $89,000 minus $38,941 of mortgage indebtedness). There was no evidence indicating how much of the appreciation was attributable to the installation of the pool. The court concluded that the $23,556 of appreciation on the residence was marital and divided it between the parties.
 {¶ 32} There is no error or abuse of discretion in the trial court's division of the appreciation in the marital residence. It is well-settled that "[t]he party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property."Peck v. Peck (1994), 96 Ohio App.3d 731, 734 (citation omitted). "[A]ll that is required for a determination that appreciation is marital property for purposes of equitable distribution is that either party contributed to an increase in the value of separate property during the life of the marriage." Bizjak v. Bizjak, 11th Dist. No. 2004-L-083,2005-Ohio-7047, at ¶ 12, citing Polakoff v. Polakoff (Aug. 4, 2000), 11th Dist. No. 98-T-0163, 2000 Ohio App. LEXIS 3542, at *15 (emphasis sic). "We have also held that a party who fails to provide adequate evidence as to the amount of passive appreciation fails to meet his burden of tracing the appreciation as separate property, because we are unwilling to speculate when the evidence is devoid of a cause for the increase." Id. (citation omitted) (emphasis sic).
 {¶ 33} In the present case, the evidence is somewhat uncertain regarding the source of the funds used for the pool, although the second mortgage and various accounts held in Byrnes' name provided most of the funding. It is impossible to say with precision how much came from each source. Moreover, there is absolutely no *Page 10 
evidence regarding how much of the appreciation on the residence is passive (and thus separate) as opposed to active (and thus marital). Given that at least some marital funds were used to finance the pool installation and the lack of evidence regarding active appreciation, the court's determination that the appreciation is marital is supported by some competent and credible evidence.
 {¶ 34} The court also acted within its discretion by dividing this asset evenly. The basic rule in Ohio is that "the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C. 3105.171(C)(1). Byrnes correctly notes that "equitable need not mean equal." Nonetheless, Byrnes has failed to raise a compelling argument why the equal division of marital property in the present case is inequitable. The mere fact that one spouse earns or contributes more to the creation of the marital estate, without more, is insufficient to require a court to render an unequal division of property.
 {¶ 35} We also reject Byrnes' argument that she was not credited for improvements made to the residence prior to her marriage with Scott. At trial, Byrnes presented evidence of $23,000 in improvements to the residence which she purchased for $32,000. When calculating the appreciation in the marital residence, the court did not use the purchase price of $32,000, but, rather, the fair market of value of the residence at the time of marriage, $65,000.
 {¶ 36} The third assignment of error is without merit. *Page 11 
 {¶ 37} In the fourth and final assignment of error, Byrnes asserts the trial court's division of the 1970 Nova and 1994 Oldsmobile are inequitable. As to the Nova, Byrnes claims she is entitled to one half of the "considerable" marital funds expended to restore the vehicle, rather than the one-half interest in the increase of the vehicle's value, or $650. As noted above, it is not the function of the courts to "un-marry" the parties. Nor may the court cancel the expenditure of marital funds, despite a party's subsequent misgivings regarding the wisdom of those expenditures. As to the 1994 Oldsmobile, it is well-established that one spouse cannot unilaterally divest another spouse of their interest in marital property. See DiNunzio v.DiNunzio, 11th Dist. No. 2005-L-124, 2006-Ohio-3888, at ¶ 66.
 {¶ 38} Lastly, Byrnes asserts the trial court failed to value or to divide a corporation owned by Scott, Classic Auto Wire, Inc. At trial, there was no testimony regarding the existence or value of this entity. Accordingly, the trial court's failure to divide it is not error.
 {¶ 39} The fourth assignment of error is without merit.
 {¶ 40} For the foregoing reasons, the decision of the Trumbull County Court of Common Pleas, Domestic Relations Division, terminating the marriage of Janine Byrnes and William Scott and dividing their marital estate, is affirmed. Costs to be taxed against appellant.
COLLEEN MARY O'TOOLE, J., concurs in judgment only.
TIMOTHY P. CANNON, J., dissents.
[1] At the time of the marriage, there was $26,503 of equity in the property. At the time of divorce, the equity had increased to $50,059, an increase of $23,556.
[2] Byrnes also argues under the first assignment of error that the trial court failed "to allocate responsibility of debt between the parties." Since Byrnes fails to identify the debt to which she is referring, we are unable to address this argument. At trial, Byrnes characterized her expenditure of money to improve Scott's property as a "loan" which she expected to be paid back. The expenditure of marital funds in such a situation, however, does not constitute a marital debt such as a trial court must assign in the division of property. Rather, it is a completed expenditure of marital funds, the proceeds of which, if any, are subject to division by the court. *Page 1