DECISION AND JUDGMENT ENTRY
{¶ 1} Sherri Murphy ("Wife") appeals the final divorce decree entered by the Lawrence County Court of Common Pleas, terminating her marriage with Ted Murphy, Jr. ("Husband"). On appeal, Wife contends that the trial court erred when it failed to consider the amount certain separate property (home and car) of the Husband appreciated during the marriage. Because the trial court never made any determination of whether such property appreciated during the marriage, the amount of appreciation or whether such appreciation was martial or separate property, we agree as to the home and remand this cause to the trial court to determine the same. However, because no the evidence showed the *Page 2 
value of the car either before or after improvements, and because it was impossible for the court to either value or divide the car appreciation, we disagree. Wife next contends that the trial court erred when it denied spousal support. Because the trial court's determination on remand regarding the home may impact the award of spousal support, we decline to address this issue at this time. Wife next contends that the trial court erred in determining the end date of the marriage. Because Wife presents no argument as to how the trial court's determination in this regard is inequitable or prejudicial, we disagree. Wife next contends that the trial court erred when it failed to find Husband engaged in financial misconduct. Because the trial court was free to believe Husband's testimony on this issue, we disagree. Finally, Wife contends that the trial court erred in awarding Husband his separate property spent during the marriage on martial needs, and in determining the total amount of such separate property. Because Wife failed to argue in the trial court that Husband should not be awarded such separate property, and because competent, credible evidence supports the amount of separate property ($80,000), we disagree. Accordingly, we affirm, in part, and reverse, in part, the judgment of the trial court. We remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} Wife and Husband married in 1996. Wife filed for divorce in 2005, and Husband counterclaimed for the same. A magistrate presided over the contested hearing. *Page 3 
 {¶ 3} The couple testified regarding several assets, including two homes and a car. Husband owned a home on Eighth Street in Ironton and an El Camino when he married Wife. The couple purchased another home on Mill Street in Ironton during the marriage.
 {¶ 4} After their marriage, the couple mortgaged the Husband's home for about $35,000 to pay Wife's credit card debt. They remodeled the Eight Street home by spending another $35,000. Wife testified, and Husband agreed, that she contributed $5,000 for the remodeling. She stated that she earned most of that $5,000 during the marriage. She further testified that the house increased in value during the marriage from about $60,000 to a current value of $145,000.
 {¶ 5} The couple purchased the Mill Street home during the marriage from Husband's brother for Wife's daughter. Wife's daughter could not purchase the home on her own credit. Husband and Wife refinanced the Eighth Street home for $85,000 and used that money to (1) pay off the prior mortgage on the Eighth Street property and (2) purchase and fix-up the Mill Street property.
 {¶ 6} Husband and Wife disagreed about the agreement with Wife's daughter regarding the Mill Street property. Husband testified that Wife's daughter "was supposed to get a loan within a year and pay me back the whole loan. Which she has not done cause she [has] not got[ten] her credit straightened out."
 {¶ 7} Husband further testified that he had to pay the bank about five or six payments because Wife's daughter failed to make those payments. Apparently, Wife's daughter made the payments to Wife, and Wife used the money for her *Page 4 
own benefit rather than giving the money to Husband to make the payments. Also, Wife's daughter failed to make complete payments for the property taxes.
 {¶ 8} Wife testified that the couple agreed to give her daughter "five years to get her finances straightened up" and to obtain her won financing. However, Wife claimed that Husband did not provide the proper information to her daughter so that she could obtain her own financing.
 {¶ 9} Husband testified that he had done nothing to frustrate Wife's daughter's ability to obtain financing, but he did refuse to sign the deed to the Mill Street property to Wife's daughter until he received the $55,000 owed to him for the property.
 {¶ 10} With regard to the El Camino, there is no dispute that Husband owned the car prior to the marriage, and that it was restored during the marriage. The parties, however, disagree about who paid for the restoration. Neither party presented any evidence of the El Camino's current value or its value before the marriage.
 {¶ 11} Finally, Husband testified that he had two pre-marital certificates of deposit and two individual retirement accounts. He stated that during the marriage he cashed in all of these accounts, which totaled between $70,000 and $80,000 and used the funds for their marital needs. Wife disputed the total amount, arguing that the Husband counted one individual retirement account twice.
 {¶ 12} Following the hearing, the magistrate made several recommendations to the court. First, that it grant the parties a divorce. Second, that it award the El *Page 5 
Camino and the Eighth Street home to the Husband as his separate property with the Husband paying the home's mortgage. The magistrate made no findings regarding the value of the El Camino or the Eighth Street home, either at the beginning of the marriage or at the end of the marriage. Further, the court made no finding as to whether either piece of property appreciated in value during the marriage.
 {¶ 13} Third, the magistrate recommended that Husband should recover the $80,000 of his separate property expended during the marriage on the couple's living expenses. However, the magistrate stated that because the parties had very little martial assets, Husband could not practically recover that amount. As a result, the court found that Husband's loss of the $80,000 benefited Wife, and recommended that Wife not receive spousal support because she (1) has health insurance, (2) received a disproportionate amount of martial assets, (3) is not responsible for paying any of the $18,000 martial debt, and (4) received the benefit of Husband's $80,000 in separate property spent during the marriage.
 {¶ 14} Wife objected to the magistrate's recommendations. However, the court adopted the magistrate's recommendations as set forth above.
 {¶ 15} Wife appeals, asserting the following six assignments of error: (I) THE PROPERTY DIVISION ORDERED BY THE TRIAL COURT CONSTITUTED AN ABUSE OF DISCRETION AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW BY NOT DETERMINING THE VALUE OF THE MARITAL PROPERTY THAT IS SUBJECT TO DIVISION AS REQUIRED BY OHIO REVISED CODE 3105.17.1(G); (II) THE TRIAL COURT *Page 6 
ERRED IN FINDING THAT PLAINTIFF-APPELLANT HAD NOT CONTRIBUTED TO THE APPRECIATION OF THE MARITAL RESIDENCE AND OTHER CERTAIN PERSONAL PROPERTY, AND DETERMINED THE RESIDENCE AND OTHER CERTAIN PERSONAL PROPERTY, AND DETERMINED THE RESIDENCE AND SAID PERSONAL PROPERTY TO BE NON-MARITAL ASSETS AND HELD AS SEPARATE PROPERTY; (III) THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF-APPELLANT WAS NOT ENTITLED TO THE RETIREMENT BENEFITS OF THE DEFENDANT-APPELLEE OR SPOUSAL SUPPORT AND IMPROPERLY RELIED ON HEALTH INSURANCE BENEFITS NOT SUBJECT TO MARTIAL PROPERTY DIVISION TO JUSTIFY ITS DIVISION; (IV) THE TRIAL COURT ERRED IN FINDING THAT THE EFFECTIVE END OF THE PARTIES' MARRIAGE WAS SEPTEMBER 2005; (V) THE TRIAL COURT ERRED IN FAILING TO COMPENSATE THE APPELLANT WITH A DISTRIBUTIVE AWARD WITH A GREATER AWARD OF MARTIAL PROPERTY DUE TO THE FINANCIAL MISCONDUCT OF THE DEFENDANT-APPELLEE; and (VI) THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLE[E] HAD FOUR CD'S TOTALING APPROXIMATELY $80,000 AND THAT DEFENDANT-APPELLEE SHOULD RECOVER THIS AMOUNT.
 II. {¶ 16} In her first and second assignments of error, Wife contends that the trial court abused its discretion by failing to consider the appreciation of a home and a car in determining the value of the martial property. *Page 7 
 {¶ 17} We review the overall appropriateness of the trial court's property division in a divorce proceeding under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. However, the characterization of property as separate or marital is a mixed question of law and fact, not a discretionary matter. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159. As such, we review the determination regarding the proper characterization of property under the manifest weight of the evidence standard. Id., citing Wylie v. Wylie (May 30, 1996), Lawrence App. No. 95CA18; Miller v. Miller (Dec. 1, 1993), Washington App. No. 93CA7. We will not reverse the trial court's judgment as being against the manifest weight of the evidence if some competent, credible evidence supports the court's judgment. Sec. Pacific Natl. Bank v. Roulette
(1986), 24 Ohio St.3d 17, 20; C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
 {¶ 18} Once the court makes the determination of whether property is marital or separate property, we review the actual distribution of the asset under the more deferential abuse of discretion standard. Kelly v.Kelly (1996), 111 Ohio App.3d 641, 642-643, citing R.C. 3105.171(D). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169. Instead, we must view a property division in its entirety, consider the totality of the *Page 8 
circumstances, and determine whether the trial court abused its discretion when dividing the parties' marital assets and liabilities.Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
 {¶ 19} Pursuant to R.C. 3105.171(B), the trial court must determine what constitutes marital property and what constitutes separate property and divide both marital and separate property equitably between the parties. Courts "must comply with its duty by making findings in sufficient detail to allow for meaningful appellate review of its decision." Childers v. Childers, Scioto App. No. 05CA3007,2006-Ohio-1391, ¶ 14, citing Kaechele v. Kaechele (1988),35 Ohio St.3d 93, paragraph two of the syllabus.
 {¶ 20} The court shall disburse a spouse's separate property to that spouse, unless: (1) the court finds that the property is subject to one of the statutory exceptions outlined in R.C. 3105.171(E), or (2) the court makes "written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse." R.C. 3105.171(D).
 {¶ 21} "`Marital property' includes all real or personal property acquired by either or both of the spouses during the marriage."Grosnickle v. Grosnickle, Warren App. No. CA2006-03-037, 2007-Ohio-3613, ¶ 7, citing R.C. 3105.171(A)(3). On the other hand, separate property includes, "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage[.]" R.C. 3105.171(A)(6)(a)(ii). However, martial property includes "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the *Page 9 
marriage" R.C. 3105.171 (A)(3)(a)(iii). Thus, "[t]he plain language of R.C. 3105.17(A)(3)(a)(iii) [sic] unambiguously mandates that when either spouse makes a labor, money, or an in-kind contribution that causes an increase in the value of separate property, that increase in value is deemed marital property." Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 400, citing Kotkowski v. Kotkowski (May 19, 1995), Portage App. 94-P-0027, 1995 WL 378681; Hansen v. Hansen (Dec. 11, 1992), Lake App. No. 92-L-052, 1992 WL 366885.
 A. Eighth Street House {¶ 22} Here, the trial court determined, and the Wife does not dispute, that the home on Eighth Street was Husband's separate property because he owned that home before the marriage. However, Wife contends that she is entitled to a portion of the appreciation of the marital home as a result of renovations made during the marriage.
 {¶ 23} Husband testified regarding the renovations as follows: [Wife] put $5,000.00 in the house. We put over $35,000.00 on the back of the house, building a big room onto the back of the house. I got the loan and I'm paying the loan on it right now. Plus I borrowed money off my dad. I paid him back.
 {¶ 24} The renovations to the back of the house included a large bedroom, dining room and bathroom. The $5,000 Wife put in the house was money saved before and during the marriage. Further, Husband purchased a greenhouse for Wife that was placed on the property.
 {¶ 25} Wife provided the only testimony about the home's value, stating that the home was worth approximately $60,000 at the time they married, and was *Page 10 
worth $145,000 currently. Thus, according to Wife, the property value has increased $85,000 during the marriage. Unfortunately, there was no evidence presented showing what portion of that amount could be attributed to the renovations, and what portion could be attributed to inflation or other factors outside the parties' control. Further, the trial court made no finding with regard to whether there was any appreciation on the home as a result of Wife's contribution, and thus, it is unknown whether the court found Wife's valuation credible.
 {¶ 26} Some courts hold that "a party who fails to provide adequate evidence as to the amount of passive appreciation fails to meet his burden of tracing the appreciation as separate property, because [courts] are unwilling to speculate when the evidence is devoid of acause for the increase." Scott v. Scott, Trumbull App. No. 2007-T-0059,2008-Ohio-530, at ¶ 32, citing Bizjack v. Bizjack, 11th Dist. No. 2004-L-083, 2005-Ohio-7047; see, also, Kreilick v. Kreilick,161 Ohio App.3d 682, 2005-Ohio-3041 (finding that husband "failed to meet his burden by a preponderance of the evidence" to show that appreciation of his premarital home was separate property). Such a view is premised on the well-settled rule that "[t]he party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Id., citing Peck v. Peck (1994), 96 Ohio App.3d 731, 734. Other courts, however, have found that absent proof that the labor, monetary or in-kind contribution of one spouse or the couple combined caused the appreciation of one spouse's premarital property, the appreciation is *Page 11 
deemed "passive income." Cyrus v. Cyrus (Nov. 29, 1995), Lorain App. No. 95CA006040.
 {¶ 27} Here, the trial court never determined the value of the Eighth Street property at the time of the marriage or at the end of the marriage. As a result, there was no finding that any appreciation existed or whether any appreciation was martial or separate property. Without these determinations by the trial court, we cannot properly review this issue.
 {¶ 28} This court has held that "the trial court must place a value on each item of property." Rinehart v. Rinehart (May 18, 1998), Gallia App. No. 96CA10. "[T]he provisions of R.C. 3105.171 have been construed so as to require that a monetary value be placed on every contested asset of the parties in a divorce proceeding." Id., citing Wright v. Wright(Nov. 10, 1994), Hocking App. No. 94 CA 2; Pawlowski v. Pawlowski
(1992), 83 Ohio App.3d 794; Goode v. Goode (1991), 70 Ohio App.3d 125;Gottlieb v. Gottlieb (Mar. 19, 1991), Franklin App. No. 90AP-1131. "A specific valuation of both marital and separate property follows from the mandate that all property be divided equitably." Id.
 {¶ 29} Therefore, we find that the trial court abused its discretion when it distributed the Eighth Street house without making all of the necessary findings.
 B. El Camino {¶ 30} With regard to the El Camino, Wife contends that the trial court erred when it failed to consider appreciation of Husband's El Camino, which the court determined was separate property. Wife again does not dispute that the El Camino is Husband's separate property. Instead, she contends that she *Page 12 
invested funds in restoring the El Camino, which she now describes as an "antique collector car." However, neither party provided any evidence of the car's value either before or after restoration.
 {¶ 31} Ohio courts have found that where there is no evidence of the value of the allegedly appreciated property either before or after improvements, it is "impossible for the court either to value or divide the appreciation[.]" Scott, supra, at ¶ 22. "A trial court does not need to equitably divide an asset if the record does not provide sufficient evidence for the trial court to value and equitably divide that asset." Id., citing Spier v. Spier, 7th Dist. No. 05 MA 26, 2006-Ohio-1289. Because there is no evidence from which the court could value the appreciation of the El Camino, which is undisputedly Husband's separate property, the court did not abuse its discretion by failing to award wife appreciation of the El Camino.
 {¶ 32} Accordingly, we sustain, in part, and overrule, in part, Wife's first and second assignments of error.
 III. {¶ 33} In her third assignment of error, Wife contends that the trial court erred when it refused to award her spousal support. Because we are remanding this cause to the trial court for the court's determination regarding the valuation and distribution of any appreciation on the Eighth Street property, and because the trial court's findings may have an impact on spousal support, the trial court should also revisit this issue on remand. See Hurte v. Hurte, Washington App. No. 04CA33,2005-Ohio-5967, ¶ 35. *Page 13 
 {¶ 34} Accordingly, we do not consider Wife's third assignment of error because it is not ripe for consideration.
 IV. {¶ 35} In her fourth assignment of error, Wife contends that the trial court erred in determining that the effective end of the marriage was September 2005.
 {¶ 36} This court reviews a trial court's determination of the duration of the marriage under an abuse of discretion standard.Green v. Green (Jun. 30, 1998), Ross App. No. 97CA2333.
 {¶ 37} Pursuant to R.C. 3105.171(A)(2), the duration of the marriage is either "the period of time from the date of the marriage through the date of the final hearing[,]" or if that date is inequitable, "the court may select dates that it considers equitable[.]" Therefore, "R.C. 3105.171(A)(2) creates a statutory presumption that the proper date for the termination of a marriage, for purposes of division of marital property, is the date of the final divorce hearing." Pottmeyer v.Pottmeyer, Washington App. No. 02CA67, 2004-Ohio-3709, ¶ 15, citingBowen v. Bowen (1999), 132 Ohio App.3d 616. However, when determining a date, trial courts "should be guided by equitable considerations and should take into account the unique facts and circumstances present in each particular case." Id. at ¶ 16, citing Allen v. Allen (Feb.26, 1998), Scioto App. No. 97CA2498.
 {¶ 38} This court has noted that trial courts generally "use a de facto termination of marriage date when the parties separate, make no attempt at reconciliation, and continually maintain separate residences, separate business activities and/or separate bank accounts." Soulsby v.Soulsby, Meigs App. *Page 14 
No. 07CA1, 2008-Ohio-1019, ¶ 29, citing Eddy v. Eddy, Washington App. No. 01CA20, 2002-Ohio-4345, ¶ 24; Gullia v. Gullia (1994),93 Ohio App.3d 653. The "trial court may use a de facto termination of marriage date when the evidence clearly and bilaterally shows that it is appropriate based upon the totality of the circumstances." Id.
 {¶ 39} Here, Wife claims that the court's finding contradicts this court's opinion in the previous appeal. See Murphy v. Murphy, Lawrence App. No. 06CA11, 2006-Ohio-4876. However, in that decision, this court merely affirmed the trial court's grant of Civ. R. 60(B) relief in favor of Husband and made no finding with regard to the effective end date of the marriage.
 {¶ 40} Wife presents no argument as to why the September 2005 date is inequitable and provides no argument whatsoever as to how the court's determination of the duration of the marriage has prejudiced her in any way. Therefore, we find that the trial court did not abuse its discretion.
 {¶ 41} Accordingly, we overrule Wife's fourth assignment of error.
 V. {¶ 42} In her fifth assignment of error, Wife contends that the trial court erred when it failed to find that Husband engaged in financial misconduct. Wife contends that Husband committed financial misconduct by failing to provide loan information to Wife's daughter regarding the Mill Street property so that Wife's daughter could obtain her own financing for the purchase of that property.
 {¶ 43} The trial court maintains discretion in determining whether to make an award under R.C. 3105.171(E)(3) and will not be overruled on appeal unless the *Page 15 
trial court abused its discretion. Jacobs v. Jacobs, Scioto App. No. 02CA2846, 2003-Ohio-3466, ¶ 22.
 {¶ 44} Pursuant to R.C. 3105.171(E)(3), "[i]f a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." The acts set forth in that statute "contain some element requiring wrongful scienter" Rinehart v.Rinehart (May 18, 1998), Gallia App. No. 96CA10. "[T]he trial court must make a factual finding on the record to support a distributive award for financial misconduct." Eddy v. Eddy, Washington App. No. 01CA02, 2002-Ohio-4345, ¶ 50, citing Stump v. Stump (Sept. 23, 1994), Athens App. No. 93CA1596.
 {¶ 45} This court has held that "[t]he financial misconduct statute should apply only if the spouse engaged in some type of `wrongdoing.'"Jacobs at ¶ 23, citing Rinehart, supra; Hammond v. Brown (Sep. 14, 1995), Cuyahoga App. No. 67268. "There must be a clear showing that the offending spouse either profited from the alleged misconduct or intentionally defeated the other spouse's distribution of assets." Id., citing Wideman v. Wideman, Wood App. No. WD-02-30, 2003-Ohio-1858, ¶ 34;Detlef v. Detlef (Dec. 14, 2001), Lucas App. No. L-00-1137. "[T]he burden of proving financial misconduct for purposes of R.C. 3105.171(E)(3) is on the complaining spouse." Id. at ¶ 25. (Citations omitted.)
 {¶ 46} Here, the court apparently agreed with Husband's testimony regarding the deal made with Wife's daughter that involved the Mill Street property. As the *Page 16 
trier of fact, that is its province. Husband's testimony was that he was protecting the marital asset by not giving the title to Wife's daughter until he received the money he put into the property. Because Wife's daughter never obtained financing for the property, Husband had no obligation to turn over the title to the property. By the Wife's own admission, such financing was necessary before title would pass to her daughter. Therefore, we find that the trial court did not abuse its discretion.
 {¶ 47} Accordingly, we overrule Wife's fifth assignment of error.
 VI. {¶ 48} In her sixth assignment of error, Wife contends that the trial court erred when it awarded Husband $80,000, which was the amount of the Husband's separate funds that he expended during the marriage for marital needs. Further, Wife asserts that the trial court erred in determining the value of such monies spent during the course of the marriage.
 {¶ 49} Wife cites the case of Wertz v. Wertz, Montgomery App. No. 19520, 2003-Ohio-3782 in support of her position that the court should not have taken the amount of separate property, i.e., cash, spent by Husband during the course of the marriage for marital needs. In fact, the court in Wertz held that where "property no longer exits, it cannot be divided as martial property or awarded as separate property." Id. at ¶ 17.
 {¶ 50} Here, Wife never argued in the trial court that the court improperly considered the money spent from Husband's separate funds during the marriage, and never objected to the magistrate's finding that Husband should recover the *Page 17 
amount of separate funds he expended during the marriage for marital needs. Therefore, except for plain error, she has waived her right to raise this issue for the first time on appeal. See Civ. R. 53(D)(3)(b)(iv). Wife does not argue plain error, and we do not find the same. See Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus.
 {¶ 51} The wife, however, did object in the trial court to the amount of the award found by the magistrate.
 {¶ 52} The magistrate made a factual finding, adopted by the trial court, that the amount of separate funds expended by the Husband during the marriage for marital needs was $80,000. An appellate court will not reverse a trial court's factual findings unless they are against the manifest weight of the evidence. C.E. Morris Co., supra, at syllabus. A factual finding is not against the manifest weight of the evidence when the record contains some competent, credible evidence supporting it. Id.
 {¶ 53} Here, we find that competent, credible evidence supports the trial court's $80,000 factual finding. The Husband in his testimony described four separate premarital accounts that he had expended during the marriage, i.e., two certificates of deposit and two individual retirement accounts. Husband testified that the total amount withdrawn from the accounts "probably" totaled $70,000 to $80,000. The court, as is its province, valued the amount used by the couple during the marriage from Husband's separate funds at $80,000. Therefore, we find that competent, credible evidence (the Husband's testimony) supports the trial court's finding in the amount of $80,000. Consequently, we find that the trial *Page 18 
court did not err on the amount awarded.
 {¶ 54} Accordingly, we overrule the Wife's sixth assignment of error.
 VII. {¶ 55} In conclusion, we overrule, in part, Wife's first and second assignments of error. We do not address Wife's third assignment of error. We overrule Wife's fourth, fifth, and sixth assignments of error. However, we sustain, in part, Wife's first and second assignments of error. We affirm, in part, and reverse, in part, the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED. *Page 1