OPINION
{¶ 1} Plaintiff-appellant, Jason Combs, appeals the decision of the Butler County Juvenile Court to increase the amount of child support provided to defendant-appellee, Kelly Walsh. We affirm in part and reverse in part and remand to the trial court.
 {¶ 2} This matter originated in the Butler County Juvenile Court on July 5, 2000 when appellant filed a parentage action seeking a finding that he is the father of the parties' minor daughter, Corrinne Walsh Combs, as well as the establishment of a parenting plan and child support order.[1]
 {¶ 3} On April 5, 2001, an entry was filed establishing appellant as the biological father, designating appellee as the sole residential parent for school purposes, and establishing a shared parenting plan. Appellant was ordered to pay child support in the amount of $325.00 per month.
 {¶ 4} On March 5, 2004, the Butler County Child Support Enforcement Agency conducted an administrative review to determine whether a child support adjustment should be ordered. The agency ordered that child support be increased to $762.47 per month. Appellant objected to the administrative child support order and requested a hearing on the matter. On March 23, 2004, Appellant filed a motion to modify parental rights and responsibilities and modify child support.
 {¶ 5} On October 18, 2004, the trial court held a hearing on appellant's objection and motion and issued a decision denying appellant's motion to modify parenting rights and denying reimbursement of child care expenses on November 5, 2004. The court did not address appellant's objection to increase child support. Appellant filed a motion to clarify on November 16, 2004. On June 22, 2005, the court issued a final appealable order denying appellant's objection to the administrative order. The court adopted the administrative agency's order to increase the amount of child support. Appellant now appeals this decision raising four assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN ITS DECISION TO ACCEPT THE ADMINISTRATIVE OFFICER'S CALCULATION OF CHILD SUPPORT WHEN IT FAILED TO ISSUE A FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING STIPULATIONS OF THE PARTIES, DEVIATION FROM CHILD SUPPORT GUIDELINES AND ADJUSTMENTS TO FATHER'S INCOME DUE TO EXPENSES INCURRED AS A RESULT OF RENTAL PROPERTY."
 {¶ 8} In the first assignment of error, appellant argues that the trial court erred when it did not issue findings of fact and conclusions of law. He claims that the court did not comply with Civ.R. 52 and committed reversible error.
 {¶ 9} Civ.R. 52 states, in pertinent part: "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 10} A trial court has a mandatory duty to issue findings of fact and conclusions of law when the request is timely, but it is under no obligation to do so when the request is untimely. State ex rel. Papp v.James, 69 Ohio St.3d 373, 377, 1994-Ohio-0086.
 {¶ 11} In this case, the trial court did not err when it did not issue findings of fact and conclusions of law because it was under no obligation to do so. The court entered its decision and judgment entry on November 5, 2004 denying appellant's motion to modify parental rights and his request for reimbursement of child care expenses. On November 16, 2004, appellant subsequently filed a motion to clarify, requesting that the court address the administrative determination to increase child support. On June 22, 2005, the court entered judgment accepting the agency's child support determination and denying appellant's motion to modify child support.
 {¶ 12} A review of the record reveals that appellant never filed a Civ.R. 52 request for the court to provide written findings of fact and conclusions of law. Because a request was never timely filed, the trial court did not err by not issuing findings of fact and conclusions of law. Accordingly, appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED BY NOT DEDUCTING SEVENTEEN THOUSAND FIFTY ONE DOLLARS AND NO CENTS ($17,051.00) FROM MR. COMBS' ANNUAL GROSS INCOME SINCE HE EXPERIENCED THIS LOSS FROM HIS SELF EMPLOYMENT."
 {¶ 15} In the second assignment of error, appellant argues that the trial court erred when it calculated his gross income for purposes of determining child support. Appellant argues that the court-adopted figure of $65,599.71 erroneously failed to include appellant's $17,051 loss from self-employment.
 {¶ 16} A trial court's decision in matters concerning child support shall be reviewed under an abuse of discretion standard. Booth v.Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} R.C. 3119.01 defines "income" for purpose of calculating child support, as "either of the following: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5).
 {¶ 18} "Gross income" is defined by statute as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay and bonuses * * *. `Gross income' includes * * * self-generated income; and potential cash flow from any source." R.C.3119.01(C)(7).
 {¶ 19} Appellant argues that the trial court abused its discretion by not reducing his amount of gross income by the $17,051 worth of expenditures made to buy, sell and rent homes as part of his separate self-employed business. Appellant, however, is a full-time employee of RACO Industries in addition to this venture. He cites R.C.3119.01(C)(9)(a) to support the assertion that the court should subtract $17,051 from his gross income amount.
 {¶ 20} When determining the gross income of a self-employed parent, the trial court is to deduct ordinary and necessary expenses from the parent's gross receipts. See Foster v. Foster, 150 Ohio App.3d 298,2002-Ohio-6390, ¶ 19. R.C. 3119.01(C)(9)(a) defines "ordinary and necessary expenses incurred in generating gross receipts" as "actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment * * *." Appellant claims that these business expenses were necessary expenses for his self-employment venture.
 {¶ 21} R.C. 3119.01(C)(9)(b) states, however, that "ordinary and necessary expenses incurred in generating gross receipts" does not include "depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business."
 {¶ 22} This court has held that income for child support purposes is not equivalent to the parent's taxable income. Foster at ¶ 13, citingHelfrich v. Helfrich (Sept. 17, 1996), Franklin App. No. 95APF12-1599. In the case at bar, appellant's 2003 federal income tax return listed his adjusted gross income as $45,748, reflecting approximately $17,000 in losses from "rental real estate" including repair expenses and depreciation.
 {¶ 23} We find that the trial court did not abuse its discretion when it did not include these self-employment losses in determining appellant's gross income for purposes of child support. Appellant earned over $65,000 while working for his full-time employer in 2003. Appellant may claim a reduced adjusted gross income for federal tax purposes based on his self-employment losses. However, this amount does not affect the gross income of a parent who is employed to full capacity as the amount used for the purpose of child support.
 {¶ 24} Appellant's gross income in 2003 was $65,599.71. The trial court did not err when it calculated the amount of child support using appellant's gross income and not his listed federal adjusted gross income. Accordingly, the second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ERRED BY NOT DEVIATING FROM THE STANDARD CHILD SUPORT GUIDELINES DUE TO THE FACT THAT MR. COMBS' HAS EXTENDED PARENTING TIME, THE EXTRAORDINARY COSTS ASSOCIATED WITH THIS PARENTING TIME AND THE FACT THAT MS. WALSH IS ASSISTED WITH HER LIVING EXPENSES."
 {¶ 27} In the third assignment of error, appellant argues that the trial court erred when it did not deviate from the child support guidelines. He contends that because the parties share equal parenting time and that appellee is able to share living expenses with another person, the court should have deviated from the standard support guidelines.
 {¶ 28} The Ohio Child Support Guidelines are intended to be used by the courts when determining the appropriate level of child support.Hurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5. A court may deviate from these guidelines at its discretion if it determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3119.22. Absent an abuse of discretion, a trial court's determination regarding child support obligations will not be disturbed on appeal. Pauly v. Pauly,80 Ohio St.3d 386, 390, 1997- Ohio-105. See also Tener v. Tener-Tucker, Warren App. No. CA2004-05-061, 2005-Ohio-3892, ¶ 25.
 {¶ 29} In this case, the record indicates that despite the fact that the shared parenting order allocates parenting rights on a week-by-week basis, appellee spends additional time with the parties' daughter on weeks when she resides with appellant. The daughter, now attending school nearby appellee, is in school until 2:30 p.m. Monday through Friday. Appellee picks her up from school everyday, even on the weeks when the child is to reside with her father, because appellant's work schedule prevents him from arriving until approximately 6:00 p.m. Thus the daughter spends about 17.5 hours with appellee during appellant-designated weeks. Appellant's argument with respect to extended parenting time is without merit.
 {¶ 30} While a court may consider under R.C. 3119.23(H) the "[b]enefits that either parent receives from remarriage or sharing living expenses with another person," in determining whether to grant a deviation of the child support guidelines, appellant does not point to anything in the record that indicates the trial court did not consider appellee's shared living expenses when it determined the child support payment. Nor is there any evidence in the record that the court's decision not to deviate was unjust or contrary to the best interest of the child. We find that the trial court did not act in an arbitrary, unreasonable or unconscionable manner when it refused to deviate from the child support guidelines. Accordingly, the third assignment of error is overruled.
 {¶ 31} Assignment of Error No. 4:
 {¶ 32} "THE TRIAL COURT ERRED BY NOT DEDUCTING MR. COMBS' LOCAL INCOME TAXES, HEALTH CARE EXPENSES AND DAY CARE EXPENSES."
 {¶ 33} In the fourth assignment of error, appellant argues that the trial court erred when it did not include his local income tax, his daughter's health care expenses, and day care costs when she is in his custody as factors to consider in calculating child support.
 {¶ 34} As previously mentioned, this court reviews a trial court's decision in determining child support under an abuse of discretion standard. Booth, 44 Ohio St.3d at 144. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore, 5 Ohio St.3d at 219.
 {¶ 35} After reviewing the child support calculation sheet, the following adjustments were made to appellee's income: $485.93 adjustment for local income taxes, $1,680 adjustment for annual child care expenses, and $479.60 for marginal, out-of-pocket costs necessary to provide health insurance for the parties' child. Appellant did not receive any of the preceding adjustments.
 {¶ 36} The trial court erred when it did not include the above adjustments to appellant's income. Accordingly, the fourth assignment of error is sustained. We therefore reverse the child support order and remand this case to the trial court for further proceedings on these adjustments.
 {¶ 37} Judgment affirmed in part, and reversed in part and remanded to the trial court for proceedings consistent with this opinion.
WALSH and YOUNG, JJ., concur.
[1] The case was transferred to the Butler County Court of Common Pleas, Domestic Relations Division, due to a conflict of interest in August 2000.