[Cite as *Benjelloun v. Benjelloun*, 2012-Ohio-5353.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| KRISTI M. BENJELLOUN, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2012-01-004 |
| | : | O P I N I O N |
| - vs - | | 11/19/2012 |
| | : | |
| MOUNSSIF O. BENJELLOUN, | : | |
| Defendant-Appellee. | : | |


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR2011-03-0335


Caparella-Kraemer and Associates LLC, Kari E. Yeomans, 4841 Rialto Road, Suite A, West Chester, Ohio 45069, for plaintiff-appellant

Mark Conese, 26 South Third Street, Hamilton, Ohio 45011, for defendant-appellee


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Kristi M. Benjelloun (Wife), appeals from the judgment entry and decree of divorce of the Butler County Domestic Relations Court.

{¶ 2} Wife and defendant-appellee, Mounssif O. Benjelloun (Husband), were married February 7, 1994. Two children, Amari, born May 28, 1996, and Adam, born March 4, 2001, were issue of the marriage. Husband and Wife separated in February 2009 and divorce

proceedings began on March 23, 2011. At that time, no property or parenting issues had been resolved between the parties. Therefore, at the final contested divorce hearing held November 1, 2011, the trial court heard evidence on all issues of property and parenting.

{¶ 3} Wife argued at the final hearing that she is unable to meet her basic needs without financial support from Husband. Wife testified that her sole source of income is from her employment with Guardian Saving Banks where she earns $15.90 per hour working 40 hours per week, for an annual salary of approximately $33,000. Wife further stated that she does receive child support from Husband, but has had to borrow money from her mother to meet her basic needs. Testimony also revealed that Husband, who works for the Department of Defense primarily in Germany, has an annual income of $85,000. In addition, during the first six months of 2011, Husband received $10,000 in bonuses. At the final hearing, Husband testified that, as of June 24, 2011, he had earned $60,487.84. However, Husband went on to testify that he believed he would be losing his job soon.

{¶ 4} The trial court ruled in its Judgment Entry and Decree of Divorce that Wife would be the residential parent of Amari and Adam and that Husband would have parenting time, provided that he would give Wife 72 hours' notice of his return to the United States and his intent to see the children. Based upon Husband's gross income of $85,000 and Wife's gross income of $33,000, the trial court ordered Husband to pay $535.26 per month per child in child support, totaling $1,070.53 per month. Husband agreed to be responsible for all marital debt related to six parcels of real property and the remaining marital property and debt was divided equally between Husband and Wife. Wife was not awarded spousal support.

{¶ 5} From the trial court's judgment and decree of divorce, Wife appeals, raising three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7}   THE TRIAL COURT ERRED IN ITS DETERMINATION OF CHILD SUPPORT.

{¶ 8}   In her first assignment of error, Wife argues that the trial court erred when it calculated Husband's gross income for purposes of determining child support.  Specifically, Wife contends that the trial court did not properly calculate Husband's "gross income" in applying R.C. 3119.01 and R.C. 3119.05(D).

{¶ 9}   "A trial court's decision in matters concerning child support shall be reviewed under an abuse of discretion standard."  *Combs v. Walsh*, 12th Dist. No. CA2005-07-198, 2006-Ohio-7026, ¶ 16, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).  An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.  *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} R.C. 3119.01(C)(5) defines "income" for purposes of calculating child support as "the gross income of the parent."  "Gross income" is defined by R.C. 3119.01(C)(7) as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in [R.C. 3119.05(D)] * * *."  Gross income does not include "nonrecurring or unsustainable cash flow items," defined as income or cash flow that a party receives "in any year or for any number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis."  R.C. 3119.01(C)(8).

{¶ 11} As referenced in the definition of "gross income," R.C. 3119.05(D) provides that "when the court or agency calculates the gross income of a parent, it shall include the lesser of either: (1) the yearly average of all * * * bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed; or (2) the total * * * bonuses received during the year immediately prior to the time when the person's child support obligation is being computed."  *See Combs*, 2006-Ohio-7026 at ¶ 17;

*Ornelas v. Ornelas*, 12th Dist. No. CA2011-08-094, 2012-Ohio-4106, ¶ 22.

{¶ 12} For purposes of child support, a parent's income "shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts, and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." R.C. 3119.05(A); s*ee Ornelas* at ¶ 23. As we recently stated in *Ornelas v. Ornelas*, "a parent must exactly adhere to this requirement and prove their current income by presenting those documents listed in R.C. 3119.05(A). *Ornelas* at ¶ 23; *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 53 (9th Dist.); *Ellis v. Ellis*, 7th Dist. No. 08-MA-133, 2009-Ohio-4964, ¶ 59-60.

{¶ 13} In *Ornelas*, the trial court ordered the father to pay $1,103.81 per month in child support as well as 13.5 percent of the gross bonus the father may receive. *Ornelas* at ¶ 24. Reversing the decision of the trial court, we determined that the father's bonuses should have been included in determining his gross income for child support purposes. *Id.* at ¶ 25. In so holding, we stated that the father "failed to present documents demonstrating that he would not receive a bonus in 2011, and instead merely presented testimony to this effect. Although 'non-recurring' cash flow items are excluded from gross income, [the father] must present evidence properly verifying that his bonuses are 'non-recurring.'" *Id.*

{¶ 14} We find the case before us similar to *Ornelas*. Here, Husband testified, and his paystubs and employment letter indicate, that he had received $10,000 in bonuses in the first half of 2011. However, Husband testified that he would not likely receive an additional $10,000 bonus at the end of 2011 because he did not believe he would still be employed. Pursuant to R.C. 3119.05(D), the trial court was required to take Husband's bonuses into account in determining his "gross income." Yet, the trial court stated that is was "not averaging the bonus structures that [Husband] received because, quite honestly, there's no proof that he's going to receive those next year or that he's going to continue receiving

those." However, as provided by *Ornelas*, testimony is not enough to indicate that a parent will or will not receive a bonus or that a bonus is 'non-recurring.' *Id.* at ¶ 25. Husband was required to present evidence relating to his bonuses. In this case, the only evidence presented, Husband's pay stubs, indicate that he had received two bonuses in 2011 with the possibility of receiving a third.

{¶ 15} Based upon the record, the trial court did not comply with R.C. 3119.05(D) in computing Husband's child support obligation. Accordingly, the trial court abused its discretion in not fully determining Husband's gross income and complying with R.C. 3119.05(D). *See Ornelas* at ¶ 25. In the vein of fairness, we note that because the trial court retains jurisdiction to modify child support, Husband is free to request a modification of his child support obligation if he fails to receive a bonus or his income changes and this results in a substantial change of circumstances. *Id.* at ¶ 26. *See also* R.C. 3119.79(A*); Loetz v. Loetz,* 63 Ohio St.2d 1, 2 (1980).

{¶ 16} As the trial court abused its discretion in not including Husband's past bonuses in its calculation of his gross income, Wife's first assignment of error is sustained.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN [NOT] AWARDING SPOUSAL SUPPORT TO [WIFE].

{¶ 19} In her second assignment of error, Wife argues that the trial court erred in not awarding her spousal support even though there was evidence of her need, the existence of a long term marriage, and a clear disparity in income.

{¶ 20} In its Final Judgment and Decree of Divorce, the trial court found that the parties were married on February 7, 1994, and have two children, for whom Wife will be the residential parent. Husband earns $85,000 per year and Wife earns $33,000 per year. The entry further states that "no spousal support shall be paid by either party and the [trial] court

shall retain jurisdiction over this issue." The trial court's entry did not cite to R.C. 3105.18, the statute addressing spousal support, nor list any specific reason why spousal support was not awarded.

{¶ 21} Wife acknowledges that the trial court reviewed the factors outlined in R.C. 3105.18(C)(1) during the final contested divorce hearing, but argues that the trial court erred in not awarding her spousal support. Specifically, Wife contends that the trial court erred by not determining the exact amount of child support Wife would receive from Husband and in failing to discuss Wife's "need" for spousal support.

{¶ 22} A trial court has broad discretion to determine whether spousal support shall be awarded based on the facts and circumstances of each case. *Kedanis v. Kedanis*, 12th Dist. No. CA2012-01-015, 2012-Ohio-3533, ¶ 10. Such an award will not be disturbed absent an abuse of discretion. *Id.*; *Blakemore*, 5 Ohio St.3d at 219. In determining whether an award of spousal support is appropriate and reasonable, a trial court is required to consider the 14 factors listed in R.C. 3105.18(C)(1), which include:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
>
> (b) The relative earning abilities of the parties;
>
> (c) The ages and the physical, mental, and emotional conditions of the parties;
>
> (d) The retirement benefits of the parties;
>
> (e) The duration of the marriage;
>
> (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
>
> (g) The standard of living of the parties established during the marriage;

(h)  The relative extent of education of the parties;

(i)  The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j)  The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k)  The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l)  The tax consequences, for each party, of an award of spousal support;

(m)  The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n)  Any other factor that the court expressly finds to be relevant and equitable.

*See Kedanis,* 2012-Ohio-3533 at ¶ 8-9.

{¶ 23} We shall address Wife's argument as to "need" first.  Wife contends that, pursuant to *Carnahan v. Carnahan*, 118 Ohio App.3d 393 (12th Dist.1997), the trial court was required to fully consider the "need" of the spouse in determining whether spousal support is "appropriate and necessary."  However, this court has recently overruled *Carnahan*, holding in *Kedanis* that the trial court "must consider each of the factors listed in R.C. 3105.18(C)(1)," but that "need" is simply "one factor among many that the trial court may consider in awarding reasonable and appropriate spousal support."  *Kedanis*, 2012-Ohio-3533 at ¶ 19, citing *Waller v. Waller*, 163 Ohio App.3d 303, 2005-Ohio-4891 (7th Dist.).

{¶ 24} During the final hearing, the trial court made the following findings: (1) Husband

and Wife were "almost completely at parity;" (2) Wife earns approximately $33,000 a year and Husband earns approximately $85,000 a year; (3) Wife shall receive approximately $13,000 in child support; (4) both parties are "earning to their capacity;" (5) no physical, mental, or emotional conditions were presented; (6) no retirement benefits exist; (7) the marriage lasted 15 years, though the parties were separated for two of those years; (8) the parties standard of living changed due to the economy; (9) it is appropriate for both parties to work outside the home because there are no minor children involved; (10) there was no evidence on education; and (11) neither party lost income production "as a result of marital responsibilities."

{¶ 25} These findings were not listed in the trial court's Final Judgment and Decree of Divorce. However, case law dictates that the *record* must establish that the trial court considered the factors in making its decision. *Brown v. Brown*, 12th Dist. No. CA2008-08-021, 2009-Ohio-2204, ¶ 56, citing *Kreilick v.Kreilick*, 161 Ohio App.3d 682, 2005-Ohio-3041, ¶ 24 (6th Dist.). The trial court need not comment on each factor, but must "indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with that law." *Id.*, citing *Kaechele v. Kaechele*, 35 Ohio St.3d 93 (1988), paragraph two of the syllabus.

{¶ 26} In this case, although the trial court did not indicate that it was applying the spousal support factors listed in R.C. 3105.18(C)(1), the statements made by the trial court at the final hearing clearly align with the R.C. 3105.18(C)(1) factors. Thus, the record confirms that the trial court understood its obligation and did apply all of the pertinent spousal support factors, including those relating to the parties' needs, to this case. *See Kedanis,* 2012-Ohio-3533 at ¶ 12. As such, the trial court did not err in considering the totality of the factors and not weighing Wife's "need" over the remaining factors. We note, however, that the trial court's entry should have more accurately reflected the full analysis performed at the final

hearing. *Id.* at ¶ 13.

{¶ 27} We now turn our attention to Wife's argument that the lack of a spousal support award in this case is improper because the trial court failed to determine the exact amount of child support Wife would receive before making a determination on spousal support. During the final hearing, the trial court approximated that Wife would receive $13,000 in child support from Husband. Wife argues that the trial court should have identified the exact figure before making its determination on spousal support. However, as we have previously determined that this case must be remanded for a new determination on child support, we find Wife's argument moot. Nevertheless, upon remand, after the trial court has made a new determination of the child support obligation in this case, we hold that the trial court shall review the factors listed in R.C. 3105.18(C)(1) and determine whether an award of spousal support is now reasonable and appropriate based upon the new child support order and Husband's corrected gross income.

{¶ 28} Accordingly, Wife's assignment of error is sustained, in part.

{¶ 29} Assignment of Error No. 3:

{¶ 30} THE TRIAL COURT ERRED TO THE PREJUDICE OF [WIFE] WHEN IT DETERMINED THE VALUE OF THE MARITAL DEBT OF A DELTA COMMUNITY UNION VISA TO BE $289.00.

{¶ 31} In her third assignment of error, Wife argues that the trial court erred by inaccurately valuing the debt amount on the Delta Community Visa credit card ("Visa") at $289. Essentially, Wife contends that the trial court's valuation of the Visa debt at $289 was not supported by Wife's testimony and evidence at trial.

{¶ 32} A trial court shall equitably divide marital property between the parties, including the assets and debts. *Smith v. Smith*, 12th Dist. No. CA2001-10-251, 2002-Ohio-4232, ¶ 7, citing R.C. 3105.171(C)(1). The trial court has broad discretion in making a division of marital

property and its decision will not be reversed absent an abuse of discretion." *Id.*, citing *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 1998-Ohio-403. "If there is some competent credible evidence to support the trial court's decision, there is no abuse of discretion." *Id.*, citing *Middendorf* at 401.

{¶ 33} In this case, Wife argues that the trial court "equally divided the debts" between the parties but "failed to value the amount of the [Visa] debt accurately." Specifically, Wife contends that she testified and presented evidence that the amount owed on the Visa was $5,125 as of May, 2011. However, Butler County Loc.R. DR 30(B)(2)(b) provides that the "valuation date of marital debt is the date of separation, unless it is shown that a debt incurred after separation is for marital purposes." Here, the trial court stated at the final hearing that Husband and Wife separated in February of 2009 and that that is the "date that we value debts."

{¶ 34} Thus, for the value of the Visa to be altered from $289, which the parties agreed was the value at the date of separation, Wife was required to present some form of evidence that she had not used the Visa since February 2009 or that she had used the Visa for marital purposes. However, other than a comment made by Wife during a discussion on stipulations, Wife presented no evidence, testimony or otherwise, that any debt on the Visa above $289 was marital debt. Consequently, the issue was simply not litigated before the trial court as it is argued now and, therefore, not capable of review.

{¶ 35} Accordingly, Wife's third and final assignment of error is overruled.

{¶ 36} For the reasons set forth above, the trial court's judgment is reversed in part, affirmed in part, and the cause is remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and PIPER, J., concur.